Hart v. Steedman.

HART, *Appellant*, v. STEEDMAN *et al.*

1. **Practice**: EJECTMENT. In an action of ejectment by a purchaser at a sheriff's sale, where the answer sets out a prior decree in the partition and a deed to defendant made pursuant thereto, and prays for a finding for the latter and a decree declaring him to be the owner of the property, and for such other orders, judgments and decrees as shall be right and proper, it states only such facts as could be given under the general denial, and the case is one at law.

2. **Partition**: TITLE: JUDGMENT. A judgment in partition is just as conclusive as any other judgment. While it creates no new title, it vests in each person to whom an allotment is made the title of all the other parties to the suit; and in case of sale, the purchaser acquires all the title that each and all the parties to the suit had at its institution.

3. ——: ——: ——: PURCHASER PENDENTE LITE. While parties not made parties to a partition suit are not bound by the judgment therein. yet one who purchases *pendente lite* is as much bound by the result in such suit as he would be by the final result of any other suit pending in reference to the property at the time of the purchase.

*Appeal from St. Louis City Circuit Court.*—HON. A. M. THAYER, Judge.

AFFIRMED.

*Frank J. Bowman* for appellant.

(1) The partitioning of property claimed by "devisees" under a will does not affect the rights of a third party, not a party to the action, who claims a title adverse to all the claimant parties under the will. *Forder v. Davis*, 38 Mo. 107–117; *Tapley v. McPike*, 50 Mo. 592. (2) A judgment order or decree, of a court in any cause, affects and binds only the parties thereto, and it cannot be pleaded to affect the rights of third

parties, not parties to the action. *Woodbridge v. Bawning*, 14 Ohio St. 320 ; *Avery v. Aikins*, 74 Ind. 213. (3) An equitable defense may be pleaded to an action at law, and if issue is joined, and evidence upon the issues by both parties presented, the court may proceed to determine the issues and equities of the case. (4) In a suit in partition for the partitioning among the " legatees " under a will set forth in the petition, a judgment assuming to partition any other than the property devised is *ultra vires* and void as to such property. *McClure v. McClure*, 14 Pa. St. 136 ; *Harlan v. Langham*, 69 Pa. St. 237. (5) A suit in partition cannot be made a mode of conveyance, or of acquiring title ; it is merely a division among tenants in common of the property in which each has some interest. *Fleenor v. Driscoll*, 97 Ind, 27 ; *Wade v. Deray*, 50 Cal. 376. (6) A cause in which all the parties are represented by the same attorney must be regarded as an *ex-parte* proceeding, and only the rights and interests of the parties so represented can be in any manner affected by any judgment rendered in such action.

*N. O. Gray* and *T. A. Post* for respondents.

(1) The proceedings and decree in partition being prior to the judgment under which plaintiff claims, the sale under the decree passed the title to the property as against the lien of plaintiff's judgment. Under the express provisions of the statute ( sec. 3376 ), plaintiff's title was subject to the rights acquired by defendant under his deed. Hart " claims from " Edwin Harrison within the purview of this statute, as understood by our courts, although his title comes through a hostile judgment. *Pococke v. Pococke*, 2 Mo. App. 118; *Hill v. Allen*, 12 Mo. App. 580 ; *Pentz v. Kuester*, 41 Mo. 450. Under this statute defendant's rights relate back to the commencement of the partition proceedings. *Forder v.*

*Davis*, 38 Mo. 115; *Reinders v. Koppelman*, 68 Mo. 502. (2) Under the common law, independent of the statute provision, the deed at partition sale is a bar against those holding, after proceedings begun, under parties to the petition suit, whether under voluntary conveyance or adverse judgment. *Stern v. Epstin*, 14 Rich. Eq. 4; *Bishop of Winchester v. Paine*, 11 Ves. Jr. 197; *Craddlebaugh v. Pritchett*, 8 Ohio St. 646, 650; *Baird v. Corwin*, 17 Penn. St. 462; *O'Reilly v. Nicholson*, 45 Mo. 163-4; *Edson v. Munsell*, 12 Allen, 600; *Clapp v. Bromaghan*, 9 Cow. 569; *Coble v. Clapp*, 1 Jones Eq. (N. C.) 173; *Mason v. Messenger*, 17 Iowa, 261; *Brace v. Reed*, 3 G. Greene (Iowa), 422; *Gillis v. Black*, 6 Iowa, 439; *Wright v. Keithler*, 7 Iowa, 92; *Steel v. Taylor*, 1 Minn. 278. (3) The partition proceedings were still pending when plaintiff got his judgment, and were therefore, as to him, *lis pendens*. *Bank v. Collonius*, 63 Mo. 290; 2 Pom. Eq. Jur., sec. 34 and note 2.

BLACK, J.—This is an action of ejectment for a part of fractional block 42 of the St. Louis Commons.

B. F. Switzer, who owned the property in question, conveyed it to Edwin Harrison by deed dated June 26, 1871. Hart, the plaintiff, read in evidence a sheriff's deed, dated March 16, 1885, conveying to him the title and interest of Edwin Harrison. This deed is based upon a sale under an execution issued upon a judgment rendered against Edwin Harrison on January 22, 1885.

The evidence for the defendant shows that James Harrison died in 1870, and by his will devised and bequeathed two-fifths of all his property to his son Edwin Harrison, subject to certain deductions, and one-fifth to each of his three daughters. On the seventh of May, 1884, Mrs. Steedman, one of the daughters, and her husband, commenced a suit against Edwin Harrison and the other devisees for the partition of a

large amount of real estate owned by the testator. The parcel of land in suit was not included in the petition first filed, but a second amended petition was filed on the second of August, 1884, in which this property is described. As to this and a number of other parcels of land, it is alleged that the title is in the name of Edwin Harrison, but that he is entitled to only the one-third and that the other two-thirds belong to the sisters in equal parts. These allegations are admitted by the answer of Edwin Harrison. The interlocutory decree, which was entered on the sixth of August, 1884, finds the interest of the parties as set out in the petition.

After this, and in March, 1885, Hart asked to be made a party to the partition suit, but his motion was overruled. Thereafter the commissioners, appointed to make partition, reported that the property was not susceptible of division, and such proceedings were had that it was sold, and Steedman, the defendant in this ejectment suit, became the purchaser of the parcel now in question, and received a commissioner's deed therefor. One-third of the proceeds arising from the sale of this parcel are in court for Hart.

The further evidence shows that Edwin Harrison and his father James were partners, the interest of Edwin in the partnership being one-third. The lands belonging to the firm were all in the name of Edwin. The parcel in suit was conveyed to Edwin by Switzer because of debts paid for him on partnership obligations and out of partnership funds. The deed, however, was made after the death of James Harrison, Edwin Harrison says he settled with the other heirs after the death of his father, on the basis that he was to have the one-third and his sisters the two-thirds of this and other lands that stood in his name, and that he claimed no more. The evidence is clear that Hart had notice of the partition decree when he purchased at the execution sale. Other evidence offered by the plaintiff shows that this parcel of property was not inventoried as property

of the firm of James Harrison. Edwin Harrison administered upon both estates, and says this was simply a mistake or oversight.

1. The case is discussed here, by appellant at least, as if the answer of defendant Steedman set up an equitable defense. It sets out the decree in the partition suit and the deed made pursuant thereto, and prays for a finding for defendant and a decree declaring him to be the owner of the property and entitled to the possession, and for such other orders, judgments and decrees as shall be right and proper. The pleader evidently supposed he was setting up some sort of an equitable defense, but there is no equity in the answer. All the facts stated in it could have been given in evidence under the general denial, and the case is one at law on both sides, and nothing else.

2. The first position of the appellant seems to be that partition cannot be made a mode of acquiring title, that it does not determine title, and is simply a possessory action, leaving the title as it found it. Such seems to be the law in some jurisdictions, but it is not the law of this state. Our statute requires and calls for a trial of the titles of the parties. Persons who may, upon "any contingency," have a beneficial interest must be made parties. The court must declare the titles and interests of the parties and give judgment accordingly. Adverse claims to the same portion may be tried and determined. The report of the commissioners when confirmed by the judgment of the court "shall be binding and conclusive upon all parties to the proceedings, and all other persons claiming under them." The deed, where there is a sale, is a bar against all persons, parties to the suit, "and against all other persons claiming from such parties, or either of them." In view of all of these statutory provisions, it was held at an early day that the judgment of partition establishes the title to the land. which is the subject of partition,

and, in an action of ejectment upon an adverse possession, or an adverse title existing at the date of the partition, is final and conclusive at law upon all the parties to the record and on all parties holding under them afterwards. *Forder v. Davis*, 38 Mo. 113. A judgment in partition is just as conclusive as any other judgment. The partition does not, of course, create any new title, but the judgment does vest in each person to whom an allotment is made the title of all the parties to the suit, and, in case of sale, the purchaser acquires all the title that each and all of the parties to the suit had at the institution of the same. It matters not therefore, whether Edwin Harrison owned the one-third or the entire interest in the parcel of land in question. The partition judgment is conclusive as between him and the other parties to that suit and persons claiming under them ; and the defendant in this suit by his purchase acquired the entire title.

3. But it is said persons not made parties to the suit are not bound by the judgment, and this is true ; but the proposition has no application to the present case. Hart purchased the interest of Edwin Harrison under a judgment which was recovered against him, not only after the second amended petition was filed, bringing this property into the partition suit, but after the interlocutory decree had been entered. He was a purchaser *pendente lite*, and took subject to the result of that suit. Says Mr. Freeman : " Purchasers *pendente lite* are as much bound by the final result of a suit for partition as they are by the final result of any other suit pending in reference to the property at the time of their purchase." Freeman on Co-tenancy & Part. ( 2 Ed.) sec. 470. Besides this, it is shown that Hart had actual notice of the pendency of the partition suit. It follows that he can only claim the interest of Edwin Harrison in the proceeds of the sale, and that he has no just claim to the property purchased by the present defendant at the partition sale.

Hart acquired an interest in the property from one of the parties to the partition suit before the order of distribution, which is the final judgment, and he might have been allowed to become a party to the partition suit. *Holladay v. Langsford*, 87 Mo. 577; *Bobb v. Graham*, 89 Mo. 200. The court may have, and probably did err in overruling his motion made for that purpose, but the error made in that case is not before us for review in this one. Even if the court did err in overruling his motion, he was still a purchaser *pendente lite*, and the error does not aid him in this suit.

As before stated, the answer of Steedman sets up nothing in the nature of an equitable defense, and as no instructions were asked or given, on either side, we do not see that this record presents any other question for our consideration, and the judgment is affirmed. All concur.