Holloway v. Holloway.

HOLLOWAY, *Appellant*, v. HOLLOWAY *et al.*

DIVISION ONE.

1.  **Fraudulent Conveyance.** The evidence in this case reviewed, and the charges that the conveyances assailed were made in fraud of creditors *held* not sustained by the evidence.

Holloway v. Holloway.

2.    ——— : TRANSACTIONS BETWEEN HUSBAND AND WIFE.   Transactions between husband and wife should be closely scrutinized when they come in conflict with the claims of creditors.

3.    ——— : EQUITY OF REDEMPTION.   Where the husband assigns to the wife a note payable to him and secured by a deed of trust as an indemnity against loss from an incumbrance placed for him on her own land, he has an equity of redemption in the land embraced in said deed of trust.

4.    ——— : ———.   The husband has such equity of redemption either in case the wife forecloses the deed of trust and becomes a purchaser at the sale, or if she receives a conveyance of the land from the debtor in satisfaction of the assigned note.

5.    ——— : ——— : ———.   Such equity of redemption is subject to sale on execution against the husband.

6.    Partition Suit : PURCHASER PENDENTE LITE.   One purchasing an interest of a party to a partition suit is a purchaser *pendente lite*.

7.    ——— : FINAL JUDGMENT.   The order of distribution is the final judgment in a partition suit, and until made the suit is still pending.

8.    Injunction : DAMAGES.   The damages allowed on the dismissal of a temporary injunction are in general only such as are actual and the proximate cause of the restraining order.

9.    ——— : ———.   Where the dissolution of the injunction involves the trial of the whole case, the assessment of damages incurred for attorney's services need not be confined strictly to services on the motion to dissolve the injunction.

10.   ——— : ———.   A party as to whom no restraining order is granted cannot recover damages on its dissolution.

11.   Practice in Supreme Court : COSTS OF APPEAL.   Where appellant unnecessarily brings up a transcript of the entire record to secure relief from a single item in the judgment, the costs of the appeal will be equitably divided between the parties.

*Appeal from Cass Circuit Court.*—HON. D. A. DEARMOND, Judge.

REVERSED.

*Wash Adams* and *J. H. Kyle* for appellant.

(1)   Conceding the truth of every allegation in the joint answer of Mrs. S. A. G. Holloway and George

W. Holloway, plaintiff is clearly entitled to be given a decree for the undivided half in question, subject at most to the right of S. A. G. Hollaway to resort thereto to reimburse herself in case of loss to her by virtue of the mortgage of her homestead. *O'Neil v. Capelle*, 62 Mo. 202. (2) Mrs. Holloway cannot prove a different consideration from that expressed in the indorsement on her note as against the creditors of G. W. Holloway. Bump. Fraud. Convey. 598; *Galbrath v. Cook*, 30 Ark. 418; 64 Md. 511; 2 Md. Ch. 447. (3) George Holloway being insolvent or embarrassed at the time of the assignment of the $3,200 note and of the deed of January 1, 1885, such transactions if not for a valuable consideration, were fraudulent as to creditors. (4) The doctrine of *lis pendens* was erroneously invoked in and applied to the case. *Rankin v. Harper*, 23 Mo. 579; *Reyser v. Augley*, 40 N. J. Eq. 481; *Bowen v. Bower's Exr's*, 19 Mo. 400; *Damschroeder v. Thias*, 51 Mo. 104. (5) The damages purporting to have been awarded because of the temporary injunction, after its dissolution, were each erroneous and unauthorized, even if the court had been justified in dismissing plaintiff's petition and in the dissolution of the temporary injunction previously granted.

*Railey & Burney* for respondents.

(1) "When a court of equity once acquires jurisdiction it will not relax its grasp upon the *res* until it shall have avoided a multiplicity of suits by doing full, adequate and complete justice." *Savings Inst. v. Collonius*, 63 Mo. 290, and cases cited; *Holloway v. Holloway*, 97 Mo. 640; 1 Pomeroy's Eq. Jur., sec. 181, and cases cited; R. S. 1879, sec. 3344. (2) Equity delights to do justice. It will not tolerate oppressive, vexatious and unnecessary litigation. He who comes into a court of equity must come with clean hands. In the light of the foregoing, plaintiff's bill was properly dismissed.

His own admissions convict him. (3) When a party buys pending equitable proceeding from one of the parties to the record, with knowledge of such proceedings, be buys subject to whatever judgment is rendered therein, and is as much bound thereby as if joined as a party therein. 1 Story's Eq., sec. 406; 2 Story's Eq., sec. 908; 2 Pomeroy's Eq., sec. 633; Freeman on Cotenancy & Partition [2 Ed.] sec. 470, and cases cited; *Blanchard v. Ware*, 37 Ia. 305; *Treadway v. McDonald*, 51 Ia. 663; *Norton v. Birge*, 35 Conn. 258, 259, *et seq.; O'Reilly v. Nicholson*, 45 Mo. 161; *Turner v. Babb*, 60 Mo. 342; *Koehler v. Bernicker*, 63 Mo. 368; *Savings Inst. v. Collonious*, 63 Mo. 290; *McIlwrath v. Hollander*, 73 Mo. 112; *Carr v. Carter*, 96 Mo. 271; *Tilton v. Cofield*, 93 U. S. B. P. 858. (4) The record fails to show either actual or constructive fraud upon the part of George W. Holloway. While the court in an equity case may examine the evidence and decide upon the merits, regardless of the findings of the chancellor who tried the case below, yet this court seldom reviews the finding of the court below, where the evidence is conflicting and all the facts and circumstances detailed in evidence accord as well with honesty and fair dealing. *Erskine v. Lowenstein*, 82 Mo. 309; *Chapman v. McIlwrath*, 77 Mo. 38. The damages for the injunction were rightly allowed. (5) Under the law as it now stands, the trial court, on the dissolution of the injunction was required to assess the damages against the plaintiff; and only those damages assessed can be recovered against the securities. *Dorriss v. Carter*, 67 Mo. 544; *Nolan v. Johns*, 27 Mo. App. 508.

BLACK, J.—The plaintiff, James M. Holloway, commenced this suit in the Cass county circuit court, making Geo. W. Holloway and his wife Sarah, John M. Holloway, T. P. Holloway and the National Bank of Kansas City defendants. By the first cause of action, the plaintiff seeks to set aside two deeds and a deed of

trust on the ground that they were made to defraud the creditors of defendant, Geo. W. Holloway ; and by the second cause of action he seeks to enjoin certain of the defendants from selling the land under pending partition proceedings.

Geo. W. Holloway, being the owner of three hundred and forty acres of land in Cass county, conveyed three hundred and twenty acres thereof to a trustee by deed dated ninth of October, 1883, to secure a note of like date for $4,000 payable to the Missouri Trust Company in five years after the date thereof, interest payable semi-annually. On the first of November of the same year, he and his wife Sarah conveyed an undivided one-half of the three hundred and forty acres to the defendant, John M. Holloway, subject to the above-mentioned deed of trust. For the purchase price of this one-half interest, John M. Holloway executed to George W. his note for $2,384, due in five years, and secured the same by a deed of trust on the interest so purchased. The validity of the foregoing transactions is not questioned.

Afterwards, and by a deed dated the seventh of April, 1884, Geo. W. Holloway and wife conveyed the remaining one-half interest in the land to John M. Holloway, who made a deed of trust of the same date back on the same interest to secure his note for $3,200 for the purchase price. The deed was recorded on June 13, 1884, and the deed of trust on the twenty-fifth of that month, and both were subject to the prior incumbrance of $4,000. About the date of these transactions, the defendant Geo. W. Holloway assigned the last-mentioned note to his wife. Subsequently, and on the first of January, 1885, John M. Holloway conveyed to Sarah Holloway a one-half interest in the land in payment of his note held by her by assignment from her husband. On the twelfth of January, 1886, the plaintiff purchased the interest of Geo. W. Holloway in the land for the consideration of $344 at a sheriff's sale made under an

execution issued out of the circuit court of Jackson county on a judgment in favor of Arnold and against Geo. W. Holloway.

The plaintiff thereupon commenced this suit to set aside the above-mentioned deed of date the seventh of April, 1884, the deed of trust of the same date, and the subsequent deed to Sarah Holloway, alleging that they were made to hinder, delay and defraud the creditors of Geo. W. Holloway. The circuit court found the issues for the defendants, Geo. W. and Sarah, and plaintiff appealed.

At and prior to the date of these alleged fraudulent conveyances, the defendant, John M. Holloway, resided upon the land in question and cultivated the same for himself and Geo. W., who resided at Pleasant Hill in the same county. Though John M. is a defendant and a party to all the alleged fraudulent transactions, he is the chief witness for the plaintiff in this case. This witness says, in substance : George got dissatisfied and wanted to dissolve our partnership ; he was financially embarrassed and wanted to sell out his interest in the farm ; said he would deed the other half over to me and let me hold it for him ; that his creditors were crowding him and he wanted to secure it to his family ; he said he was just doing it to cover up his property, and I would never have to pay the note ; that as far as he and I were concerned the property would still be his, but as far as the outside world was concerned it would be mine ; he put the property $10 an acre higher, so that it would show good faith.

This evidence is corroborated by the wife of the witness. He also produced a postal card from Geo. W. dated January 8, 1884, and in which the latter says : "It is only a question of time when the bank will close me 'out ; am forced to take care of my family in some way ; Tom has the money to pay me, with what I owe him, and if you can't buy it ( the land ) yourself will sell to him, so that I can do something for myself." John

also testified that he conveyed the undivided one-half of the land back to Sarah Holloway and took up his note for $3,200, then held by her. The note was produced in evidence and it has indorsed thereon an assignment to her from her husband "in consideration of the payment of a debt of mine amounting to $4,500."

The proof also shows that Geo. W. had the deed to John M. recorded, and paid the recorder's fee himself. The witness, John M., and the plaintiff are brothers. The plaintiff says he purchased the land at the execution sale to protect his brother. It is manifest that this suit is prosecuted in the interest of John M., and that the only interest which the plaintiff has in the controversy is the amount bid by him at the sale, namely, $344.

The evidence offered by the real defendant shows that, at the date of the deed and deed of trust, the defendant, Geo. W. Holloway, owned three hundred and twenty acres of land in DeKalb county, subject to a deed of trust for $3,000. He also owed the defendant bank $4,500, and some other debts besides. His property at fair values exceeded his debts by $5,000 or $6,000, but it could not be readily converted into cash. To secure the debt due to the bank he made a deed of trust upon the DeKalb county land, and also one upon some thirteen acres of land in Pleasant Hill. This Pleasant Hill property was, and for years had been, the absolute property of his wife. She, at first, declined to join in the deed of trust upon her homestead at Pleasant Hill, but was induced to do so on the promise of her husband that he would convey to her the one-half of the land in question, and in execution of that promise he assigned to her the note and deed of trust of John M. Holloway for $3,200.

Giving full force and effect to the evidence of John M. Holloway, and guided by it alone, we should conclude that the deed and deed of trust of date the seventh of April, 1884, were fraudulent contrivances. But his

evidence must be considered in the light of the fact that he is not only a party to the alleged fraudulent conveyance, but that this suit is now prosecuted to a great extent in his interest and for his benefit. While on the other hand, the evidence shows that George W. Holloway was embarrassed, it also shows that he was endeavoring to secure his creditors. His undivided interest in the land in suit was covered by a prior deed of trust, so that it did not constitute acceptable security. It is clear that he sold that interest and took back the note and deed of trust for the purpose of assigning the note to his wife to induce her to make the deed of trust on her property in favor of the bank. It seems more than probable that John M. Holloway never expected to pay this note, but he was then on friendly terms with Geo. W., and well understood the state of the latter's affairs. He bought the property and gave his note therefor to assist Geo. W., and to enable the latter to give to his creditors acceptable security.

Looking to the substantial facts in the case, and not the mere assertions of John M. Holloway, it clearly appears that the deed and deed of trust were made to enable Geo. W. Holloway to offer to his creditors security, and thereby procure an extension of time in which to pay the debt due the bank. Taking the evidence as a whole we are satisfied the plaintiff has failed to sustain his charges of fraud. So the circuit judge found with all the parties before him, and that finding we approve.

The evidence of Mrs. Holloway is frank and free from all suspicion. It shows beyond a shadow of doubt that she took the $3,200 by assignment from her husband as a security against any loss that might arise to her by reason of the fact that she executed the deed of trust to the bank upon her homestead, which as we have said was her own property. It is true the assignment, as indorsed upon the note, professes to be in consideration that she had paid the debt of her husband for $4,500, while in point of fact she had not paid that debt, but

had secured the payment of it on her own property. This difference in the consideration stated in the assignment disclosed by her pleadings and evidence affords ground for unfavorable inferences, but it does not in and of itself make the assignment fraudulent.   Transactions between husband and wife should be closely scrutinized when they come in conflict with the claims of creditors, for the marital relation affords a convenient cover to protect the property of the debtor from his creditors. Applying this principle to its fullest extent in this case, there is still no doubt but Mrs. Holloway took the note upon a valuable consideration in perfect good faith.

II.   The foregoing observations dispose of all of the charges of fraud asserted as grounds for relief in the plaintiff's petition, and it follows that he is not entitled to have the deeds or any of them set aside.   For all subsequent considerations of this case the deeds and assignment of the note to Mrs. Holloway must be  treated as valid transactions.

The plaintiff, anticipating this result, contends that he is entitled to a decree declaring that Mrs. Holloway holds the title to the undivided one-half of the land in trust as an indemnity only for any loss that she may sustain by reason of the deed of trust upon her homestead.

As has been said, Mrs. Holloway incumbered her property to secure her husband's debt due the bank, amounting to $4,500.   She states in her answer in this case, and the proof shows, that her husband assigned to her the note of John M. Holloway secured by the deed of trust as an indemnity against any loss by reason of the incumbrance placed upon her property.   She, therefore, held the note simply as an indemnity.   Had she foreclosed the John M. Holloway deed of trust, and purchased the property at a sale thereunder, she would have held the property on the same terms that she held the note.   Her husband would have had an equity of redemption.   *Hoyt v. Martense*, 16 N. Y. 231.   The fact that she took a conveyance from John M., instead of

purchasing at a foreclosure sale, does not change her relation to the property. She holds it as she did the note, subject to the equity of redemption in her husband.

The property stood in this shape when the plaintiff purchased at the execution sale. That such an equity is the subject of sale on execution under our statute cannot be doubted. R. S. 1879, sec. 2354; *Brant v. Robertson*, 16 Mo. 129–149; *Hammond v. Johnston*, 93 Mo. 198–210. The plaintiff, therefore, acquired this equity of redemption by virtue of his purchase at the execution sale. The question arises then, whether the plaintiff is entitled to any relief in this case on that ground. It is by no means clear that the plaintiff can abandon the grounds for relief stated in his petition, and have another and a different relief on matters stated in the answer. But as this question is not urged by the defendant, we pass to the matters set up in the answer in abatement of this action, namely, another suit pending.

The plaintiff purchased Geo. W. Holloway's equity of redemption in the undivided one-half of the land in January, 1886. At that time there was pending in the Cass county circuit court an equitable partition proceeding, wherein Geo. W. Holloway and his wife, Sarah, were plaintiffs and John W. Holloway and others were defendants. No decree was entered in that suit until July, 1886, at which time the court found the interest of the parties and ordered a sale of the entire premises, subject to the deed of trust in favor of the Missouri Trust Company. Afterwards, and before there had been any sale or order of distribution, the plaintiff commenced this suit.

One who purchases an interest of a party to a partition suit is a purchaser *pendente lite*, and is as much bound by the result of such a suit as by the result of any other suit concerning the property and pending at the time of the purchase. *Hart v. Steedman*, 98 Mo. 452.

The plaintiff was not only a purchaser *pendente lite*, but he had actual knowledge of the pendency of that suit. It was a proper proceeding in which to adjust any interest which he acquired by virtue of his purchase, and he could have been made a party on his own motion. As the order of distribution is the final judgment in partition proceedings, and there has been no sale or order of distribution, it follows that that suit is still pending. It is a matter of no consequence that plaintiff was not a party to that suit. Says STORY: "If a man institutes a suit, and afterwards sells part of the property in question to another, who files an original bill, touching the part so purchased by him, a plea of the former suit depending, touching the whole property, will hold." Story, Eq. Plead. [9 Ed.] sec. 738. The defendant's answer of another suit pending was properly sustained.

III. We are next to consider the objections made to the judgment of the circuit court assessing damages on the injunction bond. The temporary injunction revoked the order of sale then issued in the partition suit, and enjoined Sarah and Geo. W. Holloway from commanding and directing the partition sale to be. made, and it also enjoined them from collecting any rents from John M. Holloway, by execution or otherwise. The court, on the dissolution of the temporary injunction, awarded damages in the sum of $350 to Sarah, Geo. W. and T. P. Holloway, for attorney's fees, and the sum of $250 to Sarah for loss of rents, and $20 to the Missouri Trust Company for attorney's fees.

According to the statutes the injunction bond must be in a sum sufficient "to secure the amount or other matter to be enjoined, and all damages that may be occasioned by such injunction." It may be stated as a general rule that the damages to be allowed are such and such only as are actual, and the proximate result of the restraining order.

Now, so far as rents are concerned, it appears that John M. Holloway was in possession of the whole

premises. He converted the entire proceeds of the farm for the year from March, 1886, to March, 1887 to his own use, and he is shown to be wholly insolvent. These rents had been adjudged to Sarah Holloway in the partition suit and were wholly lost to her by reason of the injunction, and were proper elements of damage. The amount allowed is reasonable.

Attorney's fees occasioned by the restraining order are also proper elements of damages to be assessed on dissolution of the temporary injunction. This proposition is not controverted, but it is insisted that the allowance of $350 was for fees for the trial of the whole case. Cases may arise when it will be proper to distinguish between fees for defending the principal case and fees for dissolving the injunction, but the rule has no just application to this case. The plaintiff's second cause of action is nothing more than a part of the first, and the two should have been included in one. A dissolution of the injunction involved a trial of the whole case, and the allowance was proper under the ruling in *Hammerslough v. Building Ass'n*, 79 Mo. 81.

No restraining order was ever awarded as to the Missouri Trust Company. It could have sold for default in payment of interest at any time, and we do not find a particle of evidence showing that it suffered any damages by reason of the injunction. The allowance of $20 damages in favor of that corporation is, therefore, erroneous, and as to that allowance the judgment is reversed, but it is affirmed in all other respects. To be relieved of this judgment of $20 it was unnecessary to bring to this court the entire record. The plaintiff and appellant will be taxed with nine-tenths of the costs in this court, and the defendant, the Missouri Trust Company, with the other one-tenth of such costs. BRACE, J., absent; the other judges concur.