Akers v. Hobbs.

---

[105  127'
[133  346
[105      127]
[d94a  1195]

## AKERS v. HOBBS, *Appellant.*

### DIVISION ONE.

1. **Land:** ESTOPPEL: PARTITION.   A woman after the lapse of twenty years will be estopped to say she was not a party to a suit as shown by the petition for the partition of her deceased husband's land and the assignment of dower therein, where it appears she knew of the pendency of the suit, and that it included her individual land in controversy, and that she was informed of the sale under the judgment in said suit and gave it no attention.

2. ————: PARTITION: INTERLOCUTORY JUDGMENT.   The want of a formal interlocutory judgment that partition be made does not render the proceeding void, where it appears that the court ascertained and declared the interests of the parties, and the proceedings were otherwise regular.

3.  ⸻ : ⸻ : REPORT OF SALE. A widow cannot, in a collateral
proceeding, question the validity of a judgment in a suit for the
assignment of dower in, and the partition of, her deceased hus-
band's lands on the ground that said suit erroneously included
her individual land situated in another county, and this is the case
notwithstanding the sheriff made no report of the sale of her said
land.

*Appeal from Cole Circuit Court.* —HON. E. L.
EDWARDS, Judge.

REVERSED.

*Moore & Williams* for appellant.

(1)  Upon the undisputed facts the finding of the
court should have been for appellant. The *ex parte*
petition and judgment in the partition suit is binding
on plaintiff. She was joined as a party, and the petition
was signed by "Burke & Howard, attorneys for peti-
tioners." She cannot attack the proceeding collaterally.
*Freeman v. Thompson*, 53 Mo. 183 ; *Reinfelt v. O' Brien*,
57 Mo. 571 ; G. S. of Mo. 1865, sec. 55, p. 663. (2) This
judgment and the sale of the land by the sheriff of
Cole county in 1868 as shown by his deed dated August
2, 1869, to W. W. Hall and E. S. McDaniel, under this
judgment, conclude and estop the plaintiff from claim-
ing title to the land. *Dunham v. Danby*, 34 Mo. 447.
"The order of sale is the final judgment in partition."
The decision is under the partition laws of 1855, and
under like provisions in the statutes of 1865. A judg-
ment in partition establishes the title of all the parties
to the suit, and is conclusive to any adverse claim or
title existing on their part at the time of its rendition.
*Holliday v. Langford*, 87 Mo. 577 ; *Bobb v. Graham*,
89 Mo. 200 ; *Forder v. Davis*, 38 Mo. 107 ; *Hart v.
Steedman*, 98 Mo. 452 ; *Rolf v. Timmermeister*, 15 Mo.
App. 249. It was the duty of the trial court upon this
record evidence and sheriff's deed to have found the
issues for defendant, without reference to instructions,

and that, too, had no instructions been offered by him. *Waddell v. Williams*, 50 Mo. 217; *Cunningham v. Snow*, 82 Mo. 588. (3) Upon any view of the case the deed of the sheriff of Cole county to Hall & McDaniel is certainly "a color of title." *Hickman v. Lusk*, 97 Mo. 482; *Mylar v. Hughes*, 60 Mo. 105; *Runnels' Curator v. Runnels*, 52 Mo. 108; *Hughes v. Israel*, 73 Mo. 547. The plaintiff is barred by adverse possession. *Ekey v. Inge*, 87 Mo. 493; *Crispen v. Hannavan*, 50 Mo. 418; *Huckshorn v. Hartwig*, 81 Mo. 648; *Keyes v. Jennings*, 66 Mo. 367; *Music v. Barney*, 49 Mo. 464; *Fugate v. Pierce*, 49 Mo. 441; *Draper v. Shoot*, 25 Mo. 197; *Long v. Higginbotham*, 56 Mo. 245. Citation could be multiplied indefinitely. (4) As the statute of limitations began to run against plaintiff when she was a *feme sole*, her subsequent marriage did not stop its running or prevent that possession ripening into a perfect title. *Lander v. Perkins*, 12 Mo. 238; *Cunningham v. Snow*, 82 Mo. 587; *Smith v. Newby*, 13 Mo. 159; *Williams v. Dongan*, 20 Mo. 186; *Rogers v. Brown*, 61 Mo. 187.

*Edmund Burke* and *George T. White* for respondent.

(1) There being evidence to support the verdict, the supreme court will not disturb the finding. *Baum v. Fryrear*, 85 Mo. 154; *Pike v. Martindale*, 91 Mo. 284; *Krider v. Milner*, 99 Mo. 149; *Chouteau v. Allen*, 70 Mo. 336; *Judy v. Bank*, 81 Mo. 410; *Cox v. Cox*, 91 Mo. 78; *Erskine v. Loewenstein*, 82 Mo. 309; *Berry v. Hartzell*, 91 Mo. 138; *Bank v. Murray*, 88 Mo. 196; *Lenox v. Harrison*, 88 Mo. 497. (2) The fact that in this case no declarations of law were presented by appellant to the court before its decision was announced should have the same effect as if none had been presented, and the judgment of the lower court should be affirmed. *Morehouse v. Ware*, 78 Mo. 103; *Altum v.*

*Arnold,* 27 Mo. 264; *Easley v. Elliott,* 43 Mo. 290; *Wilson v. Railroad,* 46 Mo. 37; *Wielandy v. Lemuel,* 47 Mo. 322. (3) When a cause is submitted to the court for hearing (as had been done in the case now under consideration), declarations of law are generally of little use, except to show the theory on which the case was tried. *Cooper v. Ord,* 60 Mo. 431; *Stone v. Spencer,* 77 Mo. 361. (4) The proceedings instituted in the circuit court of Moniteau county for the purpose of admeasuring the dower interest of respondent in the McDaniel land, including her land in Cole county, were commenced under the law of 1865, which required that the court give judgment that the partition be made. No such judgment was rendered in that cause. G. S. 1865, sec. 12, p. 612. (5) There was no final judgment in reference to the sale of the Cole county land. There was no report of the sale of it filed, nor approved. The order of partition and sale is not a final judgment. *Murray v. Yates,* 73 Mo. 13; *Parkinson v. Caplinger,* 65 Mo. 290; *Strickler v. Tracy,* 66 Mo. 465; *Turpin v. Turpin,* 88 Mo. 337; *Holloway v. Holloway,* 97 Mo. 628. (6) The sheriff of Cole county having failed to make a report of the sale of the Cole county land to the circuit court of Moniteau county, and to obtain an approval thereof, was not authorized to execute a deed for the land alleged to have been sold. In the case of *Pomeroy v. Allen,* 60 Mo. 530, the court says: "In partition sales the sheriff must report his proceedings to the court, and until there is an approval or confirmation of same no deed can be executed." (7) Respondent insists that she is not estopped from claiming the Cole county land by reason of any proceedings instituted in the circuit court of Moniteau county by the heirs of John McDaniel for the purpose of having her dower therein set apart to her. *Thompson v. Renoe,* 12 Mo. 161; *Crenshaw v. Creek,* 52 Mo. 101.

BLACK, J.—This is ejectment for eighty acres of land in Cole county. The trial, without a jury, resulted in a judgment for the plaintiff.

The plaintiff purchased the land from the United States, and received a patent dated in 1857. She married John McDaniel in 1863. He died in November, 1866, and in May, 1872, she married Mr. Akers, who died in 1885.

In 1867 and 1868, after the death of McDaniel, proceedings were had by his widow, the plaintiff in this case, and his heirs, for the assignment of dower and partition of the lands of the deceased ; and under these proceedings the land in question was sold to W. W. Hall and Edward McDaniel, from whom the defendant claims title. The plaintiff objected to the deed to Hall and Edward McDaniel, and to the record in the partition suit, on the ground that she was not a party to those proceedings, and also on the ground that there was no judgment that partition be made.

The widow and heirs were all petitioners. The petition is signed by Messrs. Burke and Howard, attorneys for the petitioners, and then by each of the adult parties and the guardian of the infants, the plaintiff in this case signing by her mark. She testifies that she did not bring that suit ; that it was brought by the children, and that she could not remember whether she did or did not sign the petition. The proof is clear that she knew the proceedings were pending, and that they included her land in Cole county. She was informed of the sale before it was made, and thereafter gave to the land no attention. The petition sets out and describes some two hundred and seventy-five acres of land in Moniteau county, owned by the deceased at his death. Also the eighty-acre tract in question, owned by the plaintiff, but alleged in the petition to have been the property of McDaniel.

The circuit court of Moniteau county, on the presentation of this petition, at a term held in 1867, made a

finding that McDaniel died the owner in fee of the lands in both counties, and that Malinda McDaniel, as the widow of the deceased, was entitled to a third part thereof for life ; and then made an order appointing three commissioners to assign dower to her. The com missioners made a report to the next term, setting forth the fact that they had set off to the widow described portions of the Moniteau county land as her dower in all of the lands described in the petition, and that the remaining lands were not susceptible of division. This report the court approved and confirmed, and at the same time ascertained and declared the interest of each of the heirs in the lands not thus set apart as dower, and ordered them to be sold and the proceeds divided among the parties according to their respective interests as declared by the court ; and the cause was continued for report of the sheriff of each county. The Moniteau county lands, not set off to the widow, were sold, and the sheriff's report was duly approved. The sheriff of Cole county sold the eighty acres in question, and exe-cuted a deed therefor to Howard and Edward McDaniel, dated second of August, 1869, but made no report of his sale.

1.   The objection that the plaintiff is not bound by the partition proceedings because she was not a party thereto is without any foundation in point of fact. She does not even affirm that she did not sign the petition. All she can say is that she does not remember whether she did or did not sign it.   She knew of the pendency of the proceedings, and that the land was to be sold thereunder, and she accepted the dower interest assigned to her by the commissioners. Under these circumstances, the assertion that she was not a party to those proceed-ings, for the first time after the lapse of twenty years, is entitled to no consideration whatever.

2.   Regularly, the court should have first ascer-tained and declared the interest of each of the parties in the lands and then rendered judgment that dower be

assigned and partition made. There was in this case no formal interlocutory judgment that partition be made, but the want of a formal judgment of that character does not render the proceedings void. The court did ascertain and declare the interest of the widow, and appointed commissioners to set off dower to her. The commissioners' report assigning that interest to her was approved. The court then ascertained and declared the interest of each of the heirs in all the lands not thus set off to the widow, and ordered them to be sold and the proceeds divided. The same result was reached in the end that would have been reached had there been a formal interlocutory judgment that partition be made. There is here all the essential elements of a proceeding to assign dower and make partition among the heirs, and the want of a formal judgment that partition be made is a mere irregularity which does not in the least affect the validity of the assignment of dower or sale of the lands when the proceedings are assailed collaterally, as is the case here. Beyond this, we need express no opinion at this time.

3. It is next insisted that the sheriff's deed to the land in Cole county is worthless, because the sale was not reported and approved by the court from which the order of sale issued, and in support of this proposition we are cited to *Pomeroy v. Allen*, 60 Mo. 530, where it was held that the report of the sheriff of his proceedings on an order of sale in partition must be approved by the court before any deed can be made. A judgment in partition is as conclusive as any other judgment. It establishes the rights and interests of all parties to the suit or proceeding. *Hart v. Steedman*, 98 Mo. 452, and cases cited; *Holloway v. Holloway*, 103 Mo. 274.

Though the plaintiff owned the Cole county eighty-acre tract, and it should not have been included in the partition, still it was included, and her dower as assigned in the Moniteau county land was increased by

reason of that fact. Assuming that there was a final judgment in the partition proceedings it must follow from the principle of law just stated that plaintiff cannot now go back, and in a proceeding like the one in hand question the validity of that judgment. But it is insisted there was no final judgment as to the Cole county land, because under repeated rulings of this court it is the judgment of the court approving the sheriff's sale, which is the final judgment from which an appeal must be taken. Now, the court gave judgment that the widow was entitled to dower in all of the lands, including the Cole county eighty acres. The commissioners assigned that interest to her, and the confirmation of their report fixed, established and set off to her her interest in all of the lands. The question whether she could have prosecuted an appeal from that judgment before the other lands were sold, and thus hold further proceedings in abeyance, is not the question before us. Neither she nor the other parties objected to the report. All accepted it and the confirmation thereof as a finality. She had no interest in the subsequent proceedings; for her entire interest had been set apart to her. It is, therefore, a matter of no consequence to her whether the sheriff's deed is valid or invalid, for she had no interest in the land to be sold.

4. With the foregoing result it is not necessary to express our opinion on the many other questions debated in the brief. The defense based upon the statute of limitations, it may be added, appears to us to be perfect and complete. The judgment is simply reversed. All concur.