AULL *et al.* v. DAY *et al.*, *Appellants*.

Division One, March 10, 1896.

133    337
93a ⁴ 36
93a ⁴ 69

1. **Descent and Distribution:** PER CAPITA AND PER STIRPES: PARTITION: STATUTE.  Under Revised Statutes, 1889, section 4469, providing that "When several lineal descendants, all of equal degree of consanguinity to the intestate, or his father, mother, brothers, and sisters, or his grandfather, grandmother, uncles, and aunts, or any ancestor living, and their children, come into partition, they shall take *per capita;* that is, by persons; where a part of them are dead, and part living, and the issue of those dead have a right to partition, such issue shall take *per stirpes;* that is, the share of the deceased parent," if lineal descendants all of equal degree of consanguinity

VOL. 133 mo—22

Aull v. Day.

to the intestate come into partition with others of a more remote degree, the former will take *per capita* and the latter *per stirpes;* in this case nephews and nieces of the intestate take *per capita* and grandnephews and grandnieces *per stirpes.*

2. **Practice:** PARTITION: INTERLOCUTORY JUDGMENT, MODIFICATION OF. A judgment in a partition suit which declares the rights of the parties and orders partition is interlocutory only, and is under the control of the court until the final decision of the suit, and may be modified or rescinded at any time before final judgment, even after the expiration of the term at which it was rendered.

3. ————: APPEAL FROM INTERLOCUTORY JUDGMENT: MODIFICATION OF JUDGMENT: STATUTE. Revised Statutes, 1889, section 2246, as amended by Laws of 1891, page 70, giving the right of appeal from an interlocutory judgment, do not change the character of such judgment and place it beyond the control of the court after the expiration of the term at which it was rendered, but if no appeal is taken it stands merely as a part of a pending proceeding, and is under the control of the court.

4. ————: PARTITION: ANSWER ADMITTING ALLEGATIONS OF PETITION: INTERLOCUTORY ORDER: JUDGMENT BY CONSENT. The fact that the answer in a partition suit admits the allegations of the petition does not render an interlocutory decree in accordance with the legal conclusions of the petition one by consent or confession, so as to deprive the court of the power to correct its erroneous ruling at any time before the final order of distribution which in such case is the final judgment.

*Appeal from Lafayette Circuit Court.*—HON. RICHARD FIELD, Judge.

AFFIRMED.

*Phillips, Stewart, Cunningham & Eliot* for appellants.

(1) Under section 2246, Revised Statutes, 1889, as amended in Session Laws of 1889, at page 70, the interlocutory judgment in partition determines the rights of the parties and is beyond the control of the court making the same after the term at which such

judgment is rendered.   *U. S.  v. Bailey*, 9 Peters, 272;
*Schulter v. Bockwinkle*, 19 Mo. 647; *Jones v. Evans*,
80 Mo. 565; *Loring v. Groomer*, 110 Mo. 632; *White
v. Mitchell*, 60 Texas, 164; *Williams v. Wells*, 62 Iowa,
740; sec. 2206, R. S. 1889; Freeman on Judgments,
sec. 34; *McCourtney v. Fortune*, 42 Cal. 387; *Ryan v.
Wallace*, 43 Cal. 625; *Shepherd v. Rice*, 38 Mich. 556;
*Randles v. Randles*, 67 Ind. 434; *Railroad v. Railroad*,
94 Mo. 542; Freeman on Cotenancy and Partition
[2 Ed.], secs. 527, 516. (2) After judgment that
partition be made, ascertaining the interests of the
parties, order of sale, report of sheriff acting as special
commissioner, and order of confirmation, it is too late
to permit an amendment of the petition changing the
issues, and the entry of a new or modified interlocu-
tory judgment.   If the court had any power to change
its record, such action should have been by setting
aside all proceedings after the filing of the petition.
*Lilly v. Menke*, 126 Mo. 190. (3) The entry of a
judgment *nunc pro tunc* should not be made, except to
confirm or carry out some judicial act done at the time,
not then entered of record, or erroneously entered.
*Ross v. Ross*, 83 Mo. 100. (4) Judgments or pro-
ceedings in the courts entered or taken at the instance
of certain parties to the cause can not be complained
of by them at any subsequent stage of the proceed-
ings.   And no appeal lies at their instance.   2 Am.
and English Encyclopedia of Practice, p. 90. (5) A
judgment entered by consent of parties or upon facts
submitted to the court agreed upon by the parties,
becomes binding upon them irrespective of the action
of the court.   And such judgment can not be set aside
or appealed from by any of the parties concerned.
2 Am. and Eng. Encyclopedia Practice, p. 99; *Johnson
v. Shed*, 21 Pick. 225.

*William Aull* for respondents.

(1)    The nephews and nieces living at the time of the intestate's death take *per capita* and the children of the deceased nephew and deceased nieces take *per stirpes* the shares of their deceased parents. R. S. 1889, sec. 4469; *Copenhaver v. Copenhaver*, 78 Mo. 55; *Walsh v. Walsh*, Prec. in Ch. 54; *Stanley v. Stanley*, 1 Atk. 455; *Lloyd v. Tench*, 2 Ves. Sr. 213; *Bowers v. Littlewood*, 1 P. Wms. 594; *Miller's Appeal*, 40 Pa. St. 387; *Adams v. Caruthers*, 6 Ga. 39; *Hallett v. Hare*, 5 Paige, 316; *Kelly v. Maguire*, 15 Atk. 555; 4 Kent's Com. 391; 2 Williams on Ex'rs [7 Am. Ed.], p. 907; *Dutoit v. Doyle*, 16 Ohio St. 400; *Stallworth v. Stallworth*, 29 Ala. 76; *Preston v. Cole*, 64 N. H. 459; *Blake v. Blake*, 85 Ind. 65; *Krout's Appeal*, 60 Pa. St. 380; 2 Minor's Inst., pp. 472, 474; *Davis v. Rowe*, 6 Rand. 355; 1 Woerner's Am. Law of Administration, pp. 142, 148, 149; 2 Bl. Com. 217; *Crump v. Faucett*, 70 N. C. 345; *Doane v. Freeman*, 45 Me. 113; *Jones v. Barnett*, 30 Tex. 637. (2)    In partition proceedings the judgment *quod partitio fiat* is only an interlocutory judgment. It is the judgment that the partition be made firm and effectual forever which is the principal or final judgment. *Parkinson v. Caplinger*, 65 Mo. 294; *Gudgell v. Mead*, 8 Mo. 54; *McMurtry v. Glasscock*, 20 Mo. 432; 1 Black on Judgments, sec. 17; 5 Bac. Abr. 292; Freeman on Judgments [4 Ed.], secs. 8, 29, 32, 251; *Holloway v. Holloway*, 97 Mo. 628; *Turpin v. Turpin*, 88 Mo. 337; *Holloway v. Holloway*, 103 Mo. 274; *Akers v. Hobbs*, 105 Mo. 124; *Hiles v. Rule*, 121 Mo. 248; *Bobb v. Graham*, 89 Mo. 200; *Murray v. Yates*, 73 Mo. 13. (3)    An interlocutory judgment or decree, made in the progress of a cause, is always under the control of the court

until the final decision of the suit and it may be modified or rescinded upon sufficient grounds shown at any time before final judgment, though it be after the term in which the interlocutory sentence was given. 1 Black on Judgments, sec. 308; *Miller v. Justice*, 86 N. C. 26; *Akers v. Hobbs*, 105 Mo. 124; *Davis v. Roberts*, 1 Sm. & Mar. Ch. 543; *Stephens v. Hume*, 25 Mo. 349; *Ivory v. Delore*, 26 Mo. 505; *Pockman v. Meat*, 49 Mo. 345; *Warren v. Williams*, 25 Mo. App. 22; *Forder v. Davis*, 38 Mo. 107; Elliott's Ap. Proc., secs. 83 and 119; *Hart v. Steedman*, 98 Mo. 452; *Bryant v. Russell*, 127 Mo. 433. (4) The facts in the petition were admitted by some defendants and denied by others. The court heard the evidence and properly ascertained and declared the facts in the interlocutory order or judgment, from which the conclusion, as to the aliquot part of each heir, was drawn. The error in this conclusion being patent on the face of the interlocutory judgment, it was by the court, before final judgment, corrected so as to conform to the law. The elements of a consent judgment are wholly foreign to the record in this cause.

MACFARLANE, J.—Suit for the partition of real estate in Lafayette county. Maria Pomeroy died in August, 1892, intestate, seized of the land in suit. She left surviving her as her sole heirs at law three nephews and three nieces who were living, and the children of one nephew and three nieces whose parents died before the death of intestate. Appellants are of the latter class of grandnephews and grandnieces.

The petition stated the death of the said Maria Pomeroy, described the land, and named the heirs, stating their respective relationship to deceased and interests in the land as follows:

"Plaintiffs further state that the said plaintiffs, James Aull, Robert Aull, Mary F. Aull, Wilson Aull, and Maria P. Collier are nephews and nieces of the said Maria Pomeroy, deceased, and are each entitled to the one fifteenth part of said estate. That the said Eliza J. McFadden is a niece of said Maria Pomeroy, deceased, and is entitled to the one twelfth part of said estate. That the said defendants, John Aull, Joseph Aull, Alfred Aull, Maria P. Hendrickson, and Elizabeth Aull are greatnephews and greatnieces of said Maria Pomeroy, deceased, and are each entitled to the one sixtieth part of said estate. That the said plaintiffs, Sarah E. Hendren, Mary I. Hart, Margaret L. Mattis, and Eliza A. Bicking are greatnieces of said Maria Pomeroy, deceased, and are each entitled to the one forty-eighth part of said estate. That the said plaintiff, Robert A. Tripple, is a greatnephew, and said plaintiff, Mary E. Patton, a greatniece of said Maria Pomeroy, deceased, and are each entitled to the one twenty-fourth part of said estate. That the said defendants, Lawrence W. Day, Frank P. Day, Harry H. Day, and Anna C. Truesdale are greatnephews and greatniece of said Maria Pomeroy, deceased, and are each entitled to the one twentieth part of said estate." The prayer was that the court "determine, declare, and decree the rights, titles, and interests of said parties," and order a sale of the land if partition in kind was found impracticable.

All the defendants were brought into court either by personal service or by publication, and all answered. The substance of the answers was an admission of the allegations of the petition.

On April 22, 1893, the cause was heard and judgment of partition and order of sale were entered. The court, in its judgment, found and declared the rights and interests of the parties as they were stated in the petition.

The sale of the land was made and reported to the court at the December term, 1893. On the same day a motion was filed by one of the parties to the proceeding asking for a modification and amendment of the record and the order therein in which the interests of the parties were found and declared, so that the finding and ascertainment of their respective rights may be as follows:

"That the plaintiffs, James Aull, Robert Aull, Mary F. Aull, Maria P. Collier, and Eliza J. Mc-Fadden are each entitled to the undivided one tenth part of said real estate and the proceeds thereof. That the defendants, John Aull, Joseph Aull, Alfred Aull, Maria P. Hendrickson, and Elizabeth Aull are each entitled to the undivided one fiftieth part of said estate. That the said plaintiffs, Sarah E. Hendren, Mary I. Hart, Margaret L. Mattis, and Eliza A. Bicking are each entitled to the undivided one fortieth part of said real estate. That the plaintiffs, Robert A. Tripple and Mary E. Patton, are each entitled to the undivided one twentieth part of said real estate. That the defendants, Lawrence W. Day, Frank P. Day, Harry H. Day, and Anna C. Truesdale are each entitled to one undivided one fortieth part of said real estate."

The court made an order approving the sale and directing deeds made to the purchaser, but directed the sheriff not to pay out the proceeds of the sale except according to their respective rights and interests in the same as hereafter found and determined by the court. The order then proceeds:

"And it having been suggested to the court that an error has been made in ascertaining the interests of the parties to this suit, to the said real estate, and the proceeds of the sale thereof, and that such interests ascertained by the court in the order of sale made in this course, are inconsistent with the facts found in the

same, no order of distribution of the proceeds of said
sale is made until such time as the motion to correct
said order of sale in that regard may be heard, and the
sheriff is ordered to retain the proceeds of said sale in
his hands until otherwise directed."

At the same term of court, the motion was heard
and the original judgment of partition was so amended
as to find the interests of the parties as stated in the
motion, and ordered distribution accordingly.

It appeared from the evidence that intestate Mrs.
Pomeroy had three brothers, all of whose deaths ante-
dated hers.   Defendants Frank P. Day, Harry H. Day,
Lawrence W. Day, and Anna C. Truesdale were the
grandchildren and only descendants of one of these
brothers.   The court, by its original order, found the
interests of these heirs to be one third of the entire
estate, or such interest as their grandfather would have
taken had he been living.   The amended order found
their interest to be what their mother, as a niece of
deceased would have taken, namely, one tenth of the
whole, or one fortieth each.   From the judgment these
defendants appealed.

I.   Section 4469 of the law of descents provides:
" When several lineal descendants, all of equal degree
of consanguinity to the intestate, or his father, mother,
brothers, and sisters, or his grandfather, grandmother,
uncles, and aunts, or any ancestor living, and their
children, come into partition, they shall take *per capita;*
that is, by persons; where a part of them are dead
and part living, and the issue of those dead have a
right to partition, such issue shall take *per stirpes;* that
is, the share of the deceased parent."

Under this section the nephews and nieces of the
ancestor, Mrs. Pomeroy, took their interest in her
estate *per capita,* and the greatnephews and nieces
took *per stirpes.*   This construction was given to the

statute in *Copenhaver v. Copenhaver*, 78 Mo. 58, in which the court says: "While this section is somewhat confused by the multiplication of words, we think it is quite evident that it conveys the idea that when several lineal descendants all of equal degree of consanguinity to the intestate come into partition, as in this case, with others of a more remote degree, that the former take *per capita* and the latter *per stirpes*. So that in the case before us, as made by the agreed statement, the result would be, that the nephews and nieces would take in their own right, *per capita*, and the grandnephews and grandnieces would take by representation, or *per stirpes*."

The same construction is given to the English statutes of descents without the aid of the legislation found in section 4469.

Chancellor KENT, after stating the rule, says: "The rule is thus declared in the New York Revised Statutes, and it probably is to be found in the laws of every state in the Union. The rule applies to every case where the descendants of the intestate, entitled to share in the inheritance, shall be of unequal degrees of consanguinity to the intestate. Those who are in the nearest degree take the shares which would have descended to them, had the descendants in the same degree, who are dead, leaving issue, been living; and the issue of the descendants who are dead, respectively, take the share which their parents, if living, would have received." 4 Kent's Com., *390.

There can be no doubt that the first judgment, which determined the interests of the parties, was erroneous and that the amended judgment was correct. The court correctly found the relationship of the parties to the intestate in the first judgment, but drew incorrect conclusions of law therefrom.

II. But the complaint of appellants is, not that the amended judgment does not correctly declare the rights of the parties, but that the first judgment is a final and conclusive adjudication of such rights, which the court had no power to change at a subsequent term.

We do not take that view of a judgment in a partition suit which declares the rights of the parties and orders partition. Such judgments are interlocutory only, and are under the control of the court so long as the proceeding remains undisposed of. It was said in an early case by Judge SCOTT: "In proceedings in partition, both at law and in equity, there are two judgments and decrees; the one interlocutory and the other final." The latter was held to be the principal judgment, and until it was rendered no partition was made. The former judgment only required the partition to be made. *Gudgell v. Mead*, 8 Mo. 54.

In another case after an interlocutory judgment for partition and an order of sale had been made, a party was permitted to come in, and file an answer, setting up an interest in the property. *Parkinson v. Caplinger*, 65 Mo. 293. It is true in that case the application to be made a party was at the same term at which the judgment was rendered, but the court said: "There is no prescribed stage of the proceeding in which this application is to be made. If presented during the pendency of the litigation, we think it is timely and within the power of the court to pass upon it." See, also, *Bobb v. Graham*, 89 Mo. 207, and cases cited.

In a subsequent case it was held that a failure to find the respective interests of the parties by an interlocutory decree, was not fatal to the proceedings where the interests were declared in the final judgment. *Akers v. Hobbs*, 105 Mo. 132.

That the first judgment in partition proceedings is merely interlocutory has often been declared by this court, and is so well settled that a citation of the cases is deemed unnecessary. But see *Murray v. Yates*, 73 Mo. 15.

That such interlocutory judgments, made in the progress of a cause, are always under the control of the court until a final decision is reached, and may be modified at any time to meet the exigencies that may arise, is equally well settled. *Bobb v. Graham, supra.*

The uniform holding of this court before the statute allowing an appeal, that an appeal, or writ of error, from such interlocutory judgment, would not lie, rests upon the theory that such judgment continues under the control of the court and is subject to corrections and modifications. The right to correct and modify its own orders "springs from the court's power to control its own action in pending proceedings, so as to subserve the ends of justice." *Bryant v. Russell,* 127 Mo. 433. Courts should not leave the matter of controversy "in such a condition that its final administration may be wholly inconsistent with equity and good conscience." *Shields v. Barrow,* 17 How. (U. S.) 130. See, also, *Hiles v. Rule,* 121 Mo. 256.

Elliott says: "Until there is an ultimate judgment the case is not finally disposed of, inasmuch as the trial court may change its rulings, award a *venire de novo,* grant a new trial, or make some such order, notwithstanding the fact that in other rulings it may have clearly manifested a purpose to carry its rulings into the ultimate judgment or decree." Elliott, App. Proc., sec. 83.

Black, in his work on Judgments (sec. 308) says: "An interlocutory judgment or decree, made in the progress of a cause, is always under the control of the court until the final decision of the suit, and it may be

modified or rescinded, upon sufficient grounds shown, at any time before final judgment, though it be after the term in which the interlocutory sentence was given."

III.   But it is said that section 2246, Revised Statutes of 1889, as amended by laws of 1891 (page 70), makes the judgment in partition, which determines the rights of the parties, final on that issue and is therefore beyond the control of the court after the term at which it was rendered.

The only purpose of the statute is to give a right to appeal from such an interlocutory judgment.   Nothing in the act discloses an intention to change, in any respect, the character of the judgment in form or effect. Indeed the statute denominates the judgment as "interlocutory," and provides that "a failure to appeal from any action or decision of the court before final judgment shall not prejudice the right of the party so failing to have the action of the trial court reviewed on an appeal taken from the final judgment in the case." The plain purpose of the law is to give a party the right of appeal from the order when made, but all his rights to have the adverse ruling reviewed on appeal from the final judgment are reserved. *Ess v. Griffith*, 128 Mo. 60.   If no direct appeal is taken the interlocutory judgment stands merely as a part of a pending proceeding and is under the control of the court.

IV.   Again, it is insisted that the interlocutory judgment, following as it does the legal conclusions stated in the petition, is a judgment by consent or confession, and plaintiffs are estopped to deny its correctness.   It is true, as a general rule, that no appeal can be taken by either party from a judgment by confession since the error, if any, is his own and not that of the court.   But this was not such a judgment.   The facts stated in the petition were not disputed by the

answer of defendants, but the legal conclusions were drawn therefrom by the court. The judgment so recites. "A decree *pro confecso* is not a decree as of course according to the prayer of the bill, nor merely such as the complainant chooses to take it; but * * * it is made (or should be made) by the court, according to what is proper to be decreed upon the statements of the bill, assumed to be true." *Thomson v. Wooster*, 114 U. S. 113; 2 Encyclopedia Pl. & Pr. 99.

But, if the allegations are distinct and positive, "although the defendant may not be allowed, on appeal, to question the want of testimony or the insufficiency or amount of the evidence, he is not precluded from contesting the sufficiency of the bill, or from insisting that the averments contained in it do not justify the decree." *Central R'y Co. v. Central Trust Co.*, 133 U. S. 91; *Blanchard v. Cooke*, 144 Mass. 207; · Encyclopedia Pl. & Pr., *supra*, 100, and notes.

If such objections to the decree could be made upon appeal from a final judgment, they could certainly be made, pending the proceedings, to a judgment which is merely interlocutory in its character.

We are of the opinion that the court had the power to correct its erroneous ruling at any time before the final order of distribution, which in such case is the final judgment. *Hart v. Steedman*, 98 Mo. 457; *Holloway v. Holloway*, 103 Mo. 284. The judgment is affirmed. All the judges of this division concur.