EDDIE *et al.* v. EDDIE *et al.*, *Appellant.*

Division One, April 3, 1897.

1.  Partition: PRACTICE: CONTINUANCE.  Where defendants complain that they were given no opportunity to be heard in the trial court because a continuance was not given them, this court will presume that the trial court acted correctly, if no evidence in support of the fact relied on for a continuance is preserved in the record.

2.  ——: PRACTICE: AMENDMENT OF JUDGMENT.  An amendment of the judgment by the court, so as to make it express a determination of the issues made by the pleadings, if made at the same term in which the original judgment was entered, is proper.  The case, as made by the pleadings and evidence, is presumed to be carried during the term in the memory of the judge, and his own knowledge of what took place at the trial is all that is required to authorize the amendment.

3.  Partition: BURYING GROUND: PRESUMPTION.  The report of the commissioners did not include in the partition a graveyard, amounting to one sixteenth of an acre, nor did their report show that this lot had been used as a family burying ground for ten years. *Held,* that the trial court in approving the report is presumed to have been satisfied that the lot was not subject to compulsory partition.

Eddie v. Eddie.

4. ———: ALLOTMENT OF DEFENDANTS' SHARES. The petition requested that the interests of the three minor defendants, all of whom were entitled to one fourth of the land, be allotted together, if so desired, which was done. *Held*, that, as defendants did not request an allotment in severalty, the court was authorized to set off their shares together in one parcel.

5. **Allowance of Attorney's Fee.** No formal motion for the allowance of attorney's fees in partition is necessary, and if such motion is made it is not such a motion as the statute requires to stand over for one day before being considered. If defendants had notice of the presentation of the claim, they should have asked for time to prepare to contest its reasonableness.

*Appeal from St. Louis County Circuit Court.*—HON. RUDOLPH HIRZEL, Judge.

AFFIRMED.

*John R. Warfield* for appellants.

(1) By the record in this case the proceedings throughout were in effect entirely *ex parte*. Neither at the trial nor in any of the subsequent proceedings were defendants given an opportunity to be heard upon the matter, and, although the interests of minor defendants were in issue, yet both the hearing upon the merits, upon the exceptions to report of the commissioners, and upon allowance of plaintiffs' attorney fees, were all had in the absence of said minors and their co-defendant, Ophelia P. Eddie, and of their and her representative or attorney. This was reversible error. (2) There was no authority in the commissioners to set apart a portion of the lands in controversy as a common burial ground. There is no finding of the court to this effect, no order of the court in the premises, but, on the contrary, the order was distinctly for the partitioning and setting apart of all the lands, according to the respective interests of the parties. If one acre may be set apart or omitted in this way, equally

might the whole tract, or any other proportion of it, be so disposed of, and thus the defendants be deprived of their just inheritance. This is fatal error. (3) The decree is further fatally defective in that after ascertaining in detail the separate interest of the minor defendants, it fails to provide for the assignment of such interests separately, and forces them to another and independent action to obtain such assignment. (4) Under the statute and the rules of court, formal motions filed in the progress of a cause may not be heard upon the day of filing, but must lay over at least one day before being passed upon by the court. Hence it was error for the court to hear and pass upon the motion for allowance of attorney's fees, as was done here, and without opportunity to defendants to appear and contest the same.

*James A. Henderson* for respondents.

(1) If any written application for a continuance was made it is not preserved in the record, and this court has no means of ascertaining upon what grounds the application was based. (2) The decree entered in this cause shows all parties present. It reads as follows: "Come now at this day the aforesaid plaintiffs, by their attorney, and come also the said Ophelia P. Eddie, by her attorney, and the said Aubrey Eddie, Ralph Eddie and Ellis Eddie, appear by J. H. Pipkin, their curator, by his attorney." (3) The trial court has complete control of its own record, and may of its own motion amend or correct any record entry in the furtherance of justice. The *nunc pro tunc* entry was to show that the court had fully considered the issue raised by the pleadings on the question of advancements. (4) The commissioners found a small plat forty-five by sixty feet in one corner of said lands that

had been, and was then, the burying ground of the Eddie family. This plat, containing about one sixteenth part of an acre, and worth, as land, about $5, they cut off from the other lands and left the ownership of it as it then was, in the heirs of Thomas Eddie, Sr., respondents and appellants herein. How could they do otherwise? How could it be valued? How could the interests of these respondents and appellants be severed? (5) Mrs. Ophelia P. Eddie, as widow of Henry Eddie, had a dower interest in an undivided one fourth of said lands. Mrs. Eddie has since died and her interest has passed to her children, the other appellants. (6) The third, fourth and fifth exceptions involved questions of fact, which this court, in the absence of any evidence to the contrary, may assume were fully considered and correctly adjudged by the trial court.

MACFARLANE, J.—This suit is for the partition of several described tracts of land situate in St. Louis county. The parties are James A., John C. and Edward Eddie, sons of Thomas Eddie, deceased, plaintiffs, and Ophelia P. Eddie, widow of Henry C. Eddie, a deceased son of said Thomas Eddie, and Aubrey, Ralph and Ellis Eddie, minor children of said deceased son. No question is raised as to the title and respective interests of the parties. The petition states the rights of the parties as follows:

"That the parties hereto are entitled to all of said land hereinafter described, as follows: The said James A. Eddie, John C. Eddie, and Edward Eddie are each entitled to an undivided one fourth thereof, in fee. The said Ophelia P. Eddie is entitled to a dower interest in an undivided one fourth thereof. The said Aubrey Eddie, Ralph Eddie and Ellis Eddie are each entitled to an undivided one twelfth interest

therein, subject to the dower interest of their mother, the said Ophelia P. Eddie."

The defendants were all duly served with process, and answered jointly, the infants by their curator. The answer' charged that during the lifetime of said Thomas Eddie, he conveyed a tract of land to each of the plaintiffs, by way of advancements, and asked that they be charged therewith.

Plaintiffs: by reply admitted the advancements made to them respectively, but charged that a tract of land of equal value had also been conveyed by the said Thomas Eddie to the husband of defendant Ophelia, and father of the other defendants. They offered to bring the advancements to them into hotch-pot, but asked that defendants be required to do the like.

The cause came on for hearing at the May term, 1894, and defendants moved. unsuccessfully for a con-tinuance on account of the sickness of defendant Ophelia, and her inability to attend court. The cause was thereupon heard, the interests of the parties. found as stated in the petition, judgment of partition rendered and commissioners appointed to divide the land.

At the October term, 1894, and on the fifteenth of said month, the commissioners filed their report. By this report the land was divided and one fourth thereof allotted in severalty to each of the plaintiffs, and one fourth to the minor defendants, subject to the dower of their mother, who was given dower in the same. Defendants filed exceptions to the report October 22, 1894. Exceptions were overruled November 19. December 8, defendants filed affidavit for an appeal which was granted. December 27 the order granting the appeal was set aside and the report of the commissioners' was confirmed, and an attorney's fee allowed. The affidavit for an appeal was, thereupon, refiled and an appeal allowed.

The judgment of partition was rendered at the May term and on the seventh of June, 1894. At the same term, and on August 2, 1894, the original judg. ment was amended or corrected and made to conform to the finding of the court. It is stated to be *nunc pro tunc*, as of the date of June 7, 1894. The only correction or addition to the original decree was the following: "And the court doth further find that the conveyance made by Thomas Eddie, Sr., to his sons were and are in fact and in law advancements of even or equal value, and that each one of said sons, including the said Henry C. Eddie, received from his father an equal advancement, and no claims or benefits can now inure by reason of such advancements to any parties, plaintiff or defendant, herein."

I. Defendants insist that it appears from the record that the proceedings were entirely *ex parte*, and they were given no opportunity to be heard on any question or matter decided.

We can find no basis for this complaint, unless it be in the refusal of the court to grant them a continuance. No evidence in support of the fact relied upon for a continuance is preserved in the record. In such case we must presume that the court found and decided correctly.

The record of the judgment of partition affirmatively recites the appearance of all the defendants by their attorneys and curators, and every step in the progress of the cause seems to have been resisted by defendant's counsel. The proceedings were in open court and at a regular term, and defendants seem to have been given a fair and impartial hearing.

II. Complaint is made to the action of the court in amending its judgment without the proof necessary to authorize a *nunc pro tunc* entry.

The amendment, it will be observed, was made at

the same term of the court at which the original judgment was rendered. A court retains control of its judgments during the term at which they are rendered, and has the power to correct, amend or modify them, so as to make them express the real judgment of the court. Such amendments, made during the term, do not require some entry or memorandum among the records in the case, as a basis for making them, as is required in cases of *nunc pro tunc* entries made at a subsequent term. The case, as made by the pleadings and evidence, is presumed to be carried, during the term, in the memory of the judge, and his own knowledge of what took place at the trial is all that is required to authorize the amendment. *Saxton v. Smith*, 50 Mo. 490; *State v. Jeffors*, 64 Mo. 376.

The amendment of the judgment, so as to make it express a determination of the issue made by the pleadings, in respect to the advancements made to the parties by their ancestor, was proper.

III. The commissioners, in viewing the land, found in one corner a lot forty-five by sixty feet which had been, and was then, used as a burying ground of the Eddie family. This lot the commissioners did not include in the partition. The entire tract contained about one hundred and forty acres. This lot contained about one sixteenth of an acre, and its actual value did not probably exceed $10. An equitable division of the sacred dust of the ancestors of these parties would have been a difficult task for the commissioners to perform. They reported that the lot should be continued as a common burying ground for the family, and the court approved the recommendation.

Now it may be conceded that the judgment gave to the commissioners no authority to set apart any portion of the premises they were directed to partition, for the joint use of all the parties as a burying ground.

But the statute provides that "any burial ground that may have been used as such for ten years, shall not be subject to sale on execution, to dower, nor to compulsory partition; *provided*, that the lands so appropriated and set apart as a private burial ground shall not exceed one acre in area or one hundred dollars in value." R. S. 1889, sec. 937.

The report of the commissioner shows that this lot was used as a family burying ground, but it does not show that it had been so used for ten years. We presume that the court, in approving the report, acted correctly and was satisfied that the lot was not subject to compulsory partition.

We do not deem it necessary to give other reasons for sustaining the action of the court in this particular.

IV. The petition requested "that the interests of defendants be alloted together if so desired." The defendants made no request to have their interests allotted to them in severalty. The court found and adjudged "that said Ophelia P. Eddie is entitled to a dower interest in an undivided one fourth thereof. The said Aubrey Eddie, Ralph Eddie, and Ellis Eddie are each entitled to one undivided one twelfth interest therein," and directed the commissioners "to divide said real estate into four equal parts in value."

The commissioners divided the real estate into four equal parts, as directed, and allotted to each of the plaintiffs one part, and to the said Ophelia dower in the remaining part, and to the minor defendants as tenants in common, such part, subject to the dower of their mother. Objection is made that the dower interest of said defendant Ophelia should have been admeasured and set off to her in severalty to hold during her life. Inasmuch as said defendant has died since the judgment, the question need not be considered, as her interest ended at her death.

It is also objected that the interests of the children should have been allotted to each in severalty. This would doubtless have been done had a request been made. Plaintiffs only desired their own interests set apart to them respectively and were not interested in the interests of defendants. Defendants undoubtedly had the right to ask partition among themselves in this proceeding, but, having failed to ask it, the court was authorized to set off their shares together in one parcel. R. S. 1889, sec. 7146.

V. The final complaint is that the court allowed a fee to plaintiff's attorney, for his services, on the day the motion for its allowance was made, and that the amount allowed is excessive.

The statute provides that the judge of the court shall allow a reasonable fee to the attorney bringing the suit, but we do not regard the presentation of an account for allowance, as the filing of such a motion as the statute requires to stand over one day before hearing or determination. No formal motion for the allowance is necessary. The court is familiar with the services rendered and presumptively knows what would be a reasonable fee. Defendants had notice of the presentation of the claim, and if they wished to contest its reasonableness, and had requested time in which to prepare therefor, they should have shown some cause for postponement. They did not even state their belief that they could secure evidence that would reduce the claim. They depended entirely upon their supposed legal right, under section 2086, to have the hearing postponed for one day.

The judgment is affirmed. All concur.