OF THE

## STATE OF MISSOURI

AT THE

### OCTOBER TERM, 1916.

*(Continued from Volume 269.)*

JOHN ARTHUR FLOURNOY et al., Appellants, v. JOSEPHINE KIRKMAN et al.

### Division Two, February 2, 1917.

PARTITION: Subject to Life Estate: Agreement Not to Divide. Where three daughters to whom a mother conveyed land subject to a life estate reserved for herself, at her request, entered into a written agreement not to "ask for a division or partition," the agreement "to continue in force and be binding on each party hereto while they live," the heirs of one of the daughters who has died are entitled to have partition, subject to the life estate of the mother. The agreement should not, without good reason, be construed to bind the survivors to continue the cotenancy with the heirs of the deceased.

Appeal from Buchanan Circuit Court.—*Hon. Wm. D. Rusk,* Judge.

REVERSED AND REMANDED.

*Randolph & Randolph* and *W. B. Norris* for appellants.

(1) The writing in question, if otherwise valid, would be an unreasonable restraint upon the alienation as well as the enjoyment of the property. Hauessler v. Iron Co., 110 Mo. 188. It is an unreasonable restraint on alienation because purchasers are less liable to purchase an undivided interest in a tract of land than they are to purchase the entire interest in even a smaller tract. It is a restraint upon enjoyment because unfriendly co-

tenants never get the best results out of their common property. (2) The writing in question is not a covenant running with the land. It can under no construction be anything more than a personal and collateral covenant. Sturgeon v. Schaumbury, 40 Mo. 486.

*O. D. McDaniel* for respondents.

ROY, C.—This is a suit to partition 216.77 acres of land near St. Joseph. There was a finding and judgment for the defendants, and the plaintiffs have appealed.

On August 25, 1902, Martha A. Gann, one of the defendants, owned the land in fee simple. On that day, by a general warranty deed in which she reserved to herself a life estate in the land, she conveyed the remainder subject to such life estate to her three daughters, Josephine Gann, Victoria Crumpley and Julia M. Flournoy, then the wife of the plaintiff John A. Flournoy.

At the time of the execution of that deed the three daughters and John A. Flournoy entered into a mutual contract in writing, which, except the signatures, is as follows:

"We, Josephine Gann and Victoria Crumpley and Julia Flournoy and John A. Flournoy hereby agree on the request of Martha A. Gann that they will not ask for a division or partition of the lands deeded to Josephine Gann and Victoria Crumpley and Julia Flournoy by Martha A. Gann on August 25, 1902, it being the old home place at Matney Station. And this agreement is to continue in force and to be binding on each party hereto while they live, but any party has the right to go and live in the rooms reserved in the old homestead at Matney Station. This agreement is made and signed as being the will of Martha A. Gann and each undersigned herein binds themselves to live up to it. But each party is to receive an equal part of all rents collected and pay an equal part of all expenses incurred and improvements made and the girls herein are to pay an equal part of Martha A. Gann's funeral expenses."

Julia M. Flourney died October 6, 1906, leaving three children born of her marriage with John A. Flour-

ney, viz., Martha V., Midia Josephine, and Samuel G. The last named died on June 8, 1910, without having been married. Midia J. was born August 22, 1898, and was a minor at the institution of this suit.

After the death of his first wife John A. Flournoy married her sister, Victoria Crumpley. Josephine Gann married one Kirkman. The petition makes Mrs. Kirkman and Mrs. Gann defendants. All the other parties in interest are made plaintiffs. The interests of the various parties are correctly stated, it being alleged that Mrs. Gann owns a life estate in the land, that defendant Mrs. Kirkman and plaintiff Mrs. Flournoy each own a third subject to such life estate, and that the other plaintiffs own a third subject to said life estate, their respective several interests in that third being stated in the petition.

There is a prayer for partition in kind without requesting that it be made subject to the life estate of Mrs. Gann.

The answer admits that the interests of the parties are correctly stated in the petition. It then alleged the making of said contract, and pleads that the plaintiffs are thereby estopped to have partition.

The reply denies that there is such an estoppel.

In Haeussler v. Missouri Iron Co., 110 Mo. 188, this court cited the following from the civil law: "It is always free for every one of those who have anything in common among them to divide it; and, although they may agree to put off the partition to a certain time, yet they can make no such agreement as never to come to a partition. For it would be contrary to good manners that the proprietors be forced to have always an occasion of falling out, by reason of the undivided possession of a common thing."

It was also said in that case: "The right of partition is an absolute right which yields to no consideration of hardship or inconvenience. [Freeman on Cotenancy & Partition, sec. 443.] Anything that militates against this right is repugnant to the essential characteristics of cotenancy. [Mitchell v. Starbuck, 10 Mass. 11.] And the

tendency of our times is to greater freedom of sale and transfer of property unfettered by conditions or limitation of the right of alienation.''

The contract read in evidence assumed that the daughters would all survive the mother. The provisions that they shall share equally in the rents, and that any party can live in the rooms of the old homestead, clearly refer to the time after their mother's death, for the mother alone is entitled to the possession and rents during her life. That contract provides that the girls are to pay an equal part of the mother's funeral expenses. It says: ''And this agreement is to continue in force, and to be binding on each party hereto while they live.'' We look in vain for any indication in that contract of an intention that it shall bind the interests of the parties after their respective deaths.

The authorities above cited show that it is not the policy of the law to keep uncongenial cotenants yoked together. It may very well be that three sisters, cotenants, may bind themselves not to partition while they all live. It may be that they can agree that there shall be no partition while any one of them lives. We are not now deciding those points. We simply hold that where the cotenants agree, as here, to take each other ''for better, for worse'' as cotenants, that agreement should not, without good reason therefor, be construed to go further and bind the survivors to continue such relation with the heirs of the deceased, and we hold that no such good reason exists in this case.

We feel constrained to say that there does not appear any reason why the defendant Martha A. Gann should be made a party defendant herein. She is not a cotenant with the other parties. They are permitted to make partition, but it must be subject to her life estate. [Hayes v. McReynolds, 144 Mo. 348.]

The judgment is reversed and the cause remanded.

*White, C.,* not sitting.

PER CURIAM:—The foregoing opinion of Roy, C., is adopted as the opinion of the court. All of the judges concur.