C. E. Schee and Lizzie Carothers, Appellants, v. Lotta B. Schee.—4 S. W. (2d) 760.

Division Two, March 24, 1928.

*Charles Hiller* and *J. A. Whiteside* for appellants.

544

*Hugh Sloan* and *T. L. Montgomery* for respondent.

WALKER, J.—This is an appeal from a final judgment in partition rendered in the Circuit Court of Clark County. The land involved consists of an eighty-acre tract in that county, which was owned by John Schee, who died testate in 1901. In the fourth clause of his will he made the following devise:

"I give and bequeath to my son-in-law, H. M. Carothers the West Half of the North-west Quarter of Section One (1) Township Sixty-six (66) Range Eight (8) West, to have, to hold and control the same for the use of my son James M. Schee during his natural lifetime and not subject to the debts of said James M. Schee. But the rents and profits of same to be yearly applied for the use and benefit of said James M. Schee, and at the death of said James M. Schee the title of said real estate to vest in the legal heirs of said James M. Schee."

The plaintiffs, C. E. Schee and Lizzie Carothers, are the son and daughter of the testator. The defendant, Lotta B. Schee, is the widow of James M. Schee, the beneficiary named in the above-quoted clause of the testator's will. These parties are alleged in the petition to be, and it was shown as a fact that they were, the only legal heirs of James M. Schee.

The defendant, served by publication, filed no formal pleading. The trial court thereupon, at its August term, 1920, after hearing the testimony of witnesses and other evidence and no commissioners being appointed on account of its being shown that a sale of the land was necessary, entered an interlocutory decree, the findings of which were that the plaintiffs, C. E. Schee and Lizzie Carothers, were the brother and sister and that Lotta Schee was the widow of James M. Schee, deceased, and that these parties were all of his legal heirs; and that the defendant, as the widow of the deceased, was entitled to a dower interest in the land described in the petition and that the plaintiffs were entitled to the remainder of same; that partition be made of the same according to the interests of the respective parties; that the land not being susceptible of division in kind without prejudice to the interests of the parties, it was ordered that it be sold by the sheriff at public sale for cash at the December term, 1920, of the Clark County Circuit Court.

Thereafter, at the December term, 1920, the defendant, Lotta Schee, filed a motion to set aside the interlocutory decree rendered at the preceding August term, alleging that her husband, James M. Schee, deceased was, at the time of his death, the owner of the land described in the petition herein; that no administration had been taken out on his estate; that his interest in said land was in his lifetime held in trust for him; that under the laws of this State, as his widow, she is entitled to elect whether she will take dower or one-half interest therein; that on the 16th day of November, 1920, she executed a declaration filed with the Recorder of Deeds of Clark County whereby she elected to take a one-half interest in the real and personal estate of her late husband; wherefore she prays that the interlocutory decree rendered by the court on the 7th day of August, 1920, be set aside and that a final decree be entered herein awarding to her one-half of the said real estate and the rents and profits thereof. This motion was, after a hearing on the 9th day of December, 1920, taken under advisement by the court.

On the 10th day of December, 1920, the sheriff reported that he had sold the land as ordered, and the sale was approved and the sheriff in open court executed and acknowledged a deed to the same to the purchaser.

The record shows no entry or action in or by the trial court in this proceeding until the August term, 1922. when the plaintiffs filed a motion to set aside the interlocutory decree and grant them leave to file an amended petition. the burden of which is that, as the defendant had asked that the decree be set aside and adjudge her interest in the land, the plaintiffs ask that a determination of the rights and interests of the parties hereto in and to said lands should be ascertained and determined in order that the court may properly and

546

lawfully order a distribution of the proceeds of the sale, and that inasmuch as there is a controversy between the parties hereto relative to the respective rights and interests of plaintiffs and defendant in and to said lands, the plaintiffs herein join in the request of defendant that said interlocutory decree be set aside, and plaintiffs pray that they may have leave to file an amended petition in said cause in which, among other things, said plaintiffs will pray the court to ascertain and determine the respective rights, interest and claims of the parties hereto in and to said land and decree partition thereof.

On December 3, 1923, the court overruled the defendant's motion filed at the December term. 1920. asking the court to set aside the interlocutory decree. On February 20, 1924, the court overruled the plaintiffs' motion to set aside the decree and to permit them to file an amended petition and on the same day entered an order of distribution of the proceeds arising from the sale of the land under the order and judgment of the court rendered December 13, 1920.

I. The action of the trial court in overruling the respondent's motion to set aside the interlocutory decree is not for our consideration. She did nothing to preserve her objection to the court's ruling. This appeal is taken by the plaintiffs and the errors assigned and preserved by them are alone for our review.

The filing by the plaintiffs of the motion to set aside the interlocutory decree and to permit them to file an amended petition was in the nature of a motion for a new trial and in so far as it assigns errors occurring during the trial it will be so treated. [Marsala v. Marsala, 288 Mo. 501 and cases cited on page 504, 232 S. W. 1048; Goode v. Lewis, 118 Mo. 357 and cases cited on page 361, 24 S. W. 61.] While the court thus ruled in the Marsala case, the motion to set aside the order of distribution filed therein was held ineffective in not having been filed within four days after the rendition of the final judgment. Incidentally it may be said that the general statute as to procedure (Sec. 1456, R. S. 1919) is applicable in partition cases, in the absence of a particular statute, the four days' time within which to file a motion having the effect of a motion for a new trial, must be filed before or within that time after the entry of final judgment. What constitutes the final judgment is held to be the order approving the sale and providing for the distribution of the proceeds arising therefrom. [Remmers v. Remmers, 239 S. W. (Mo.) 509; Marsala v. Marsala, supra.] In the instant case, at the time of the filing of the plaintiffs' motion, the sale of the land ordered in the interlocutory decree had been approved, the deed to the purchaser had been executed, but no order of distribution of the

proceeds had been made. This latter order was essential to the final disposition of the case and the proceedings therein were in abeyance until the issuance and execution of that order. This being true, as we said in Collier v. Lead Co., 208 Mo. 246 and cases page 279, 106 S. W. 971: "The court had the power to correct its erroneous ruling at any time before the final order of distribution, which is the final judgment."

In Aull v. Day. 133 Mo. 347, 34 S. W. 578, the land was sold, the report of the sale was approved and deeds ordered. A motion was filed to modify and correct the judgment entered at a former term. This motion was sustained by the trial court and affirmed by this court.

The right, therefore, of the plaintiffs to file the motion and to incorporate the same in the transcript of the proceedings for the consideration of the court upon appeal is established. This right having been established, the jurisdiction of the trial court to determine the same follows.

II. The sole question submitted for determination is, did the trial court err in overruling the plaintiffs' motion and thus refusing to set aside the decree and in not granting leave to the plaintiffs to file an amended petition? The regularity of the proceedings is a matter of first consideration. The interlocutory decree followed, in all of its findings, the averments of the plaintiffs' petition; and the approval of the sale and the order of distribution of the proceeds, which constituted the final judgment, conformed to those findings. Regularity of the proceedings conducted in conformity with the law present no other alternative than an approval of the trial court's action in this behalf.

III. Further than this, considered from another vantage, the trial court, unless it sought to base its ruling upon a presumption, could not have ruled otherwise. There was no controversy between the parties as to their respective rights and interests. What these were the petition determined.

The motion filed by the defendant is no part of this appeal and was properly not taken into consideration by the trial court in passing upon the plaintiffs' motion. The court, therefore, considered the allegations of the plaintiffs' motion in the light of the averments of the petition. The latter disclosed no ground of controversy. On the contrary it showed that the subsequent proceedings were in harmony with the averments of the petition and that the grounds stated in the motion were without foundation. In addition, nothing in support of the motion was presented. To entitle a motion of this character to the favorable consideration of the court something more

548

than its mere general allegations should have been submitted that the court may be informed as to the respect in which the judgment did not properly ascertain and determine the rights and interests of the parties. It is evident that this could not have been done in this case. Nevertheless this requirement obtains and without it the affirmative action of the court was not authorized.

IV. The facts in this case, briefly summarized, are as follows; the plaintiffs sought partition; they defined the terms on which it should be made. The sole defendant, by failing to ██ plead acquiesced in the terms prayed for by the plaintiffs. The trial court pursued to a final judgment the course marked out by the plaintiffs. The motion filed by the plaintiffs asked the trial court to undo what it had done at their behest. No reason entitled to consideration is urged in this behalf. The delay occasioned by this appeal could not have proved otherwise than damaging to all of the parties. It illustrates with emphasis the time-worn maxim, that justice delayed is justice denied. There was no merit in this appeal. The judgment of the trial court is therefore affirmed. All concur.