THOMAS W. STRICKLER and FERMAN B. STRICKLER v. ORA MEANS, Plaintiff in Error.—30 S. W. (2d) 97.

Division One, July 9, 1930.

*Ed. Kelso* and *DuBois & Miller* for plaintiff in error.

*Henry B. Hunt* for defendant in error.

ATWOOD, P. J.—This is a partition proceeding wherein Thomas W. Strickler and Dessa Strickler, his wife, were plaintiffs, and Ora Means and Robert Means, her husband, Ferman B. Strickler and Eva W. Strickler, his wife, were defendants. The proceeding was subsequently dismissed as to plaintiff Dessa Strickler and defendants Robert Means and Eva W. Strickler, and partition finally decreed as prayed in the petition. Defendant Ora Means failed to perfect her appeal, and later, in due time, sued out writ of error in this court.

Plaintiffs' petition alleged that Mary V. McCoy, *nee* Strickler, died testate in Holt County, Missouri, on July 30, 1922, seized in fee of 320 acres of land in Atchison County, Missouri, described as follows, to-wit:

The Southwest Fourth (¼) of the Southwest Quarter (¼); and the North one-half (½) of the Northeast Quarter (¼); and the Southeast Fourth (¼) of the Northeast Quarter (¼), all in Section No. Twelve (12), Township No. Sixty-three (63), of Range No. Forty (40); and the Northwest Quarter (¼) of Section No. Thirteen (13), said township and range.

The petition further alleged that said Mary V. McCoy had another daughter, Hallie W. Campbell, who died in the State of Oklahoma in April, 1902, intestate and without issue, seized in fee of 200 acres of land in Atchison County, Missouri, described as follows, to-wit:

The Southeast Fourth ($\frac{1}{4}$) of the Southeast Quarter ($\frac{1}{4}$) of Section No. Eleven (11), Township No. Sixty-three (63), of Range No. Forty (40); and the North one-half ($\frac{1}{2}$) of the Northeast Quarter ($\frac{1}{4}$); and the South one-half ($\frac{1}{2}$) of the Southeast Quarter ($\frac{1}{4}$) of Section No. Fourteen (14), said township and range.

The petition also alleged that upon the death of said Hallie W. Campbell an undivided one-half interest in the real estate last above described passed by inheritance to her surviving husband, James A. Campbell, and the other one-half to the said Mary V. McCoy, Thomas W. Strickler, Ferman B. Strickler and Ora Means, share and share alike; that thereafter the said Thomas W. Strickler, Ferman B. Strickler and Ora Means acquired the undivided one-half interest of the said James A. Campbell in said land, each so receiving an undivided one-third interest in said undivided one-half interest in said 200 acres; that the said Mary V. McCoy died seized of her undivided one-eighth interest in said land; that said Mary V. McCoy, at the time of her death, left as her sole lineal descendants and heirs at law, plaintiff Thomas W. Strickler, and defendants Ora Means and Ferman B. Strickler, tenants in common and each entitled to an undivided one-third interest in all of the above described land; that the estate of the said Mary V. McCoy had been fully settled and all debts owing by said estate fully paid and discharged; and that all of said land could be divided in kind among the parties plaintiff and defendant who were seized of said land as tenants in common. The prayer was that "partition in kind be made of said land between the parties plaintiff and defendant; and that commissioners be appointed to partition said land, according to the respective rights and interests of the parties; and that such further orders may be made as shall be deemed just and equitable in the premises."

Defendant Ora Means, joined by her husband therein, filed answer containing the following admissions:

That said Mary V. McCoy died testate in Holt County, Missouri, July 30, 1922; that at the time of her death she was seized of the 320 acres of land first described in said petition; that Hallie W. Campbell died in April, 1902, in the State of Oklahoma, intestate and without issue, seized of the 200 acres of land next described in said petition; that title to said 200 acres descended and was acquired as alleged in said petition, and that the said Mary V. McCoy died seized of an undivided one-eighth interest therein; that under the terms of the will of Mary V. McCoy each of her surviving children, parties plaintiff and defendant herein, to-wit, Thomas W. Strickler,

Ferman B. Strickler and Ora Means, were entitled to an undivided one-third interest in all of the real estate described in said petition of which she died seized; that said parties plaintiff and defendant were each entitled to an undivided one-third interest in all other lands described in said petition; that Mary V. McCoy at the time of her death left said parties plaintiff and defendant as her sole surviving lineal descendants and heirs at law; that the estate of the said Mary V. McCoy had been fully administered; that all of the real estate described in said petition was susceptible of division in kind; and that Thomas W. Strickler, Ora Means and Ferman B. Strickler were tenants in common thereof. The prayer was that "said lands, owned by Mary V. McCoy at the time of her death, be divided, according to her will and in compliance therewith, between Thomas W. Strickler, Ora Means and Ferman B. Strickler, and that the remaining portion of said real estate, not owned by the said Mary V. McCoy at the time of her death, be divided between the parties to this suit in the manner provided by law by the State of Missouri; and that commissioners be appointed by the court to partition said land between the said Thomas W. Strickler, Ora Means and Ferman B. Strickler in the manner and form as prescribed by law; and for such other and further orders in the premises as may be just and equitable."

The record further shows that the court, "having heard the facts submitted and the evidence introduced, and having heard the arguments of counsel," thereupon entered an interlocutory decree, and the relevant portion thereof, as certified to us, is as follows:

"II. The court doth further find that one Mary V. McCoy, nee Strickler, died testate in the County of Holt, in the State of Missouri, on the 30th day of July, 1922, seized in fee simple of the following described real estate, lying and being in the County of Atchison, in the State of Missouri, to-wit: [Here follows a description of all lands described in the petition.]

"III. The court further finds that the last will and testament of said Mary V. McCoy, nee Strickler, has been duly proved and established in the Probate Court of Holt County, Missouri, and that by the terms of her said last will the said Mary V. McCoy, nee Strickler, gave and devised all of said land above described to the plaintiff, Thomas W. Strickler, and the defendants, Ora Means and Firman B. Strickler, to share and share alike; that the estate of Mary V. McCoy, nee Strickler, has been fully settled up, and all debts owing by said estate have been fully paid and discharged.

"IV. That the said Mary V. McCoy, nee Strickler, left as her sole lineal descendants and heirs at law, the plaintiff, Thomas W.

Strickler, and defendants, Ora Means and Firman B. Strickler, who are tenants in common, in all the above described land, who are each entitled to an undivided one-third interest, in and to all of the above described land, that said Mary V. McCoy, *nee* Strickler, died, and there is no dower or homestead interest to be set off in said above described land.

"V. The court further finds that the said above described land can be partitioned in kind.

"Wherefore, it is ordered, adjudged and decreed by the court, that partition in kind of the above described land be had herein among the plaintiff, Thomas W. Strickler, and defendants, Ora Means and Firman B. Strickler, according to their several interests as herein determined, and in accordance with the will of said Mary V. McCoy, *nee* Strickler, and the terms thereof, and for that purpose the court hereby appoints C. B. Lawrence, James Jackson and William Bowness, freeholders, three competent persons and residents of the County of Atchison and State of Missouri, to be commissioners to make said partition herein adjudged; and that said commissioners herein partition, divide and set off and allot the several portions and shares thereof to the respective parties, Thomas W. Strickler, plaintiff, Ora Means and Firman B. Strickler, defendants, each their one-third share, taking into consideration quantity and quality, relatively considered by them; and that if necessary said commissioners may call to their aid the Surveyor of said Atchison County, chairmen and markers, to assist them; and that they make due report to this court of their actions in the premises as the law directs, not later than Thursday, the 17th day of March, 1927."

Commissioners were appointed and on the 17th day of March, 1927, the regular judge being unable to hold court longer than March 18th, and the law requiring the commissioners' report to lie on file three days, the parties agreed upon a special judge for all subsequent proceedings in said case, and said commissioners thereupon filed their report whereby they allotted 178 acres to Ferman B. Strickler; 160 acres to Thomas W. Strickler, and 182 acres to Ora Means. However, no part of the 320 acres first described in the petition for partition and owned by Mary V. McCoy at the time of her death, was allotted to Ora Means. On March 25, 1927, and at the same term, Ora Means filed a motion to strike out and suppress said commissioners' report, assigning numerous reasons, including those here urged as grounds for her writ of error. Thomas W. Strickler and Ferman B. Strickler filed answer thereto, and thereafter, the cause being submitted to the court and the evidence heard. the commissioners' report was in all things approved and confirmed.

We are now confronted with motion of defendants in error to "dismiss writ of error," filed in this court the day before the case was finally submitted, wherein it is urged that if Roger McCoy, the surviving husband of Mary V. McCoy, was a necessary party to the partition proceedings he should have been made a party to this proceeding in error, and since plaintiff in error did not make him a party this proceeding should be dismissed. Counsel for defendants in error stoutly contended in the partition proceedings below that Roger McCoy, who under the will was to receive an annuity of $150 from each of testatrix's surviving children, was not a necessary party thereto. They will not be heard to urge the contrary now to the prejudice of plaintiff in error. Besides, it appears from the suggestions of all parties here that Roger McCoy died June 15, 1929, and that said annuity was paid in full until terminated by his death. Therefore, this question, whether urged by plaintiff or defendants in error, is moot and drops out of the case. The motion to dismiss is overruled.

The annuity having been fully paid until the death of Roger McCoy, only two of the three errors assigned by plaintiff in error are left for our consideration. They are:

*First*, that the commissioners did not comply with or carry out the directions given them by the court in the interlocutory decree entered in said cause ordering and directing them to partition said land in accordance with the will of said Mary V. McCoy, and the terms thereof.

*Second*, that the final judgment and decree entered in this cause confirming the commissioners' report and partitioning the land devised by the will of Mary V. McCoy are contrary to the terms of said will, and in direct opposition to Sections 2005 and 555, Revised Statutes 1919.

In support of the first assignment counsel for plaintiff in error cite Section 2012, Revised Statutes 1919, which requires the commissioners to make partition "according to the respective rights and interests of the parties, as the same were ascertained and determined by the court." A study of the above quoted portions of the interlocutory decree as certified to us will disclose some obvious typographical errors, but according to the decree the court indubitably found that Mary V. McCoy died seized of the fee simple title of the entire 520 acres of land sought to be partitioned; that by the terms of her last will and testament she gave all of said land to her said three surviving children, share and share alike; and plaintiff, Thomas W. Strickler, and defendants, Ora Means and Ferman B. Strickler, were ascertained and determined to be tenants in common and each entitled to an undivided one-third interest in and to all of said lands. The commissioners were bound by the decree and according to its

findings they did not make partition contrary to the terms of said will. This assignment of error is overruled.

Section 2005, Revised Statutes 1919, cited in support of the second assignment of plaintiff in error is as follows:

"No partition or sale of lands, tenements or hereditaments, devised by any last will, shall be made under the provisions of this article, contrary to the intention of the testator, expressed in any such will."

According to the evidence, Mary V. McCoy did not devise any specific lands to her children, and only remembered them thus in the following residuary clause of her will:

"All the balance and residue of my property, real and personal and wherever situate, I give, devise and bequeath unto my three children, Ora Means, Ferman B. Strickler and Thomas W. Strickler, absolutely, share and share alike; provided, however, that each of my said children shall pay to my said husband (should he survive me) annually, on or before the first day of January of each year, so long as he shall live, the sum of one hundred fifty dollars ($150). In case any of my said children shall die before I do, leaving children, the children of such deceased child of mine shall take the parent's share."

Use of the words "share and share alike," in a will devising property to certain beneficiaries, share and share alike, operates to create a tenancy in common. (Words and Phrases, p. 6476, and cases cited.) While the evidence before us is in line with the allegations of the petition and answer that of the lands sought to be partitioned the said Mary V. McCoy died seized of only the 320 acres first described in the petition and an undivided one-eighth interest in the next described 200 acres, and does not support the findings of the interlocutory decree that she died seized of the entire 520 acres and that her surviving children acquired the entire 520 acres under her will, yet the final ascertainment in the decree that the parties were seized as tenants in common of the entire 520 acres and that each was entitled to an undivided one-third interest therein, is fully sustained by the evidence, and the commissioners' report was in accordance therewith.

Section 555, Revised Statutes 1919, also cited by appellant in error on this point, is as follows:

"All courts and others concerned in the execution of the last wills shall have due regard to the directions of the will, and the true intent and meaning of the testator, in all matters brought before them."

The will of Mary V. McCoy placed no restraint whatever upon alienation of the interests devised to these beneficiaries. They might have been sold by the owners individually or under a decree in par-

tion without violating any express or implied terms of the will. Partition in kind was not directed by the will. Under the pleadings it was agreed to by all the parties, and it was then for the commissioners, under the direction and subject to the approval of the court, to say how it should be done. Plaintiff in error does not here complain that in allotting the several shares quantity and quality were not properly considered, or that any other provision of the statutes governing partition has been violated.

On the assignment of errors here presented we find no reversible error, and the judgment of the circuit court is affirmed. All concur.