AMIEL H. COLIN, a Minor, by his Guardian and Curator, FRED W. MEREDITH, and FLOYD B. COLIN, v. EMMA MOLDENHAUER, LOUISE KLUENDER, ARTHUR POPP, GEORGE W. MECKER, THE FIRST NATIONAL BANK OF PERRYVILLE, a Corporation, Respondents, CLARA ENDRES, Appellant.—92 S. W. (2d) 601.

Division Two, March 21, 1936.

*J. Grant Frye* for appellant.

*Samuel Bond* and *R. D. Moore* for respondents.

TIPTON, P. J.—The Circuit Court of Perry County, Missouri, entered a judgment decreeing partition in two tracts of land located in that county. This appeal involves only the second tract of land consisting of 17.16 acres which belonged to John Gerstacker during his life; that the defendants, Emma Moldenhauer, Louise Kluender, and the appellant, Clara Endres, were Gerstacker's children and the respondents. Amiel Colin and Floyd Colin were his grandchildren by a deceased daughter.

The appellant's amended answer and cross-bill were in three sections. Section I, after admitting the allegations in the petition in reference to tract one of the land, proceeded to answer as to the tract of land in question as follows: "Further separately answering, this defendant says that she owns absolutely in fee simple the third tract (the tract in dispute) described in plaintiffs' petition, said tract consisting of 17.16 acres in the East Fractional Half of Section 19, Township 36, Range 12, and more fully described in said petition.

"Further separately answering, this defendant denies each and every other allegation in said petition contained."

The second section of appellant's answer alleged that the "only lands owned by John G. Gerstacker, heretofore and involved in this litigation were (here the legal description of the land was set out which included a 40-acre tract and the 17.16-acre tract referred to in the first section of her answer.)" She then alleged that on February 11, 1928, Gerstacker took one Alice Miget on these lands and showed her the land and the boundaries and thereupon agreed to give her a deed of trust thereon to secure the payment of a $2500 promissory note and by their agreement they meant to convey the entire 57.16-acre tract of land; that Gerstacker and Miget jointly selected a scrivener to prepare the deed of trust, and in preparing the deed the scrivener by mistake omitted the 17.16-acre tract of land. She then alleged that when the note secured by the deed of trust came due, Gerstacker defaulted and Miget, the holder of the note, caused the land to be sold under the terms of the deed of trust. The sale was held September 30, 1930, and was bought by this appellant for the sum of $1600. That the advertisement of the foreclosure and the trustee's deed to her were the same description as that in the deed of trust. She further stated that when she bid at the sale she thought she was buying the entire 57.16-acre tract of land, and if she had not thought so she would not have purchased this land at the trustee's sale. All the deeds mentioned were duly recorded.

Section III of the appellant's answer was a cross-bill and realleged all the facts set out in Section II of her answer, and the prayer of the cross-bill was that all the deeds be reformed and corrected to give the true intention and agreement of the parties thereto, and to bar the claims of the plaintiffs and the other defendants.

The court sustained a demurrer to Sections II and III of her answer and cross-bill. She refused to plead further and plaintiff filed a reply to Section I of appellant's answer. The court found from the pleadings that, "there being no issue to try, the matter being determined on the pleadings and the Record herein," and that the parties to this litigation were tenants in common and ordered the land sold by the sheriff according to law.

The principal controversy in this case is whether or not Section II constituted any defense to respondents' petition and if Section III alleged a cause of action for reformation of the deeds.

The question for our determination is: can a purchaser, who is not a party to a deed of trust, purchase a tract of land at a trustee's sale, and then in a suit in equity be invested with title to land not described in the original deed of trust, the advertisement, or the trustee's deed, where the purchaser contends that the description in the deed of trust does not include all the land intended by the parties to be included in the deed of trust, without having the land resold? In our opinion this cannot be done.

We have answered this exact question in the case of Schwickerath v. Cooksey, 53 Mo. 75, l. c. 80, wherein we said:

"There can exist no doubt, as to the power of a court of equity to correct mistakes in instruments, and to reform conveyances, so as to make them speak the language originally intended. But the question at once arises, is this universally conceded power to be indiscriminately invoked? Is it to be applied to any and every case that may arise, regardless of well established equity precedents? By no means. In the present case the plaintiff bought the land as described in the mortgage—bought that which the sheriff advertised; which he sold, and which he conveyed; and the plaintiff now seeks, not to reform the mortgage, because that, forsooth, would, in order to be effectual, necessitate the reformation of the advertisement and of the sheriff's deed, but, seeing the absurdity to which such a wholesale application of the principle he so zealously contends for, would inevitably lead, he prays for a decree, in the nature, I suppose, of a sort of *equitable cut off*, to divest the title out of defendants, and vest it in himself. His theory is, that a court of equity should effectuate the intention of the parties; but is it the intention of a mortgagor, that his property shall be sold without advertisement? Can that condition precedent to a valid sale, if wanting, be supplied by the decree of any court? This question affords its own emphatic answer in the negative."

We are satisfied with the reasons assigned in the above-quoted case and on the authority of that case we rule that the trial court was correct in sustaining the demurrer to the second and third section of the appellant's answer and cross-petition.

In her brief appellant contends that the judgment must be reversed because it fails to describe the land and because the court decided the case on the pleadings and refused to hear any evidence. The respondents contend that the appellant's motion for a new trial is insufficient to preserve these points for our review.

The appellant's motion for a new trial assigns four reasons: the first two deal with the action of the trial court in sustaining the

demurrers to her answer. The third and fourth grounds in her motion for a new trial are as follows:

"3. The judgment on the record is erroneous.

"4. The record will not support the judgment."

To our minds these two assignments of error are not sufficient to call to the trial court's attention the fact urged in this court to-wit: that the trial court erred in deciding the case without hearing any evidence. The point urged in appellant's brief is not before us. [Wampler v. Atchison, T. & S. F. Ry. Co., 269 Mo. 464, 190 S. W. 908; Maplegreen Co. v. Trust Co., 237 Mo. 350, 141 S. W. 621; State ex rel. v. Woods, 234 Mo. 16, 136 S. W. 339; Sweet v. Maupin, 65 Mo. 65; Carver v. Thornhill, 53 Mo. 283.]

It is true that the judgment does not specifically describe the land to be sold, but we do not believe that the failure to describe the land would call for a reversal of the judgment because it is only an interlocutory judgment and can be amended at any time prior to the entry of the order of distribution.

In the case of Aull v. Day, 133 Mo. 337, l. c. 346, 34 S. W. 578, we said:

"That the first judgment in partition proceedings is merely interlocutory has often been declared by this court, and is so well settled that a citation of the cases is deemed unnecessary. [But see *Murray v. Yates*, 73 Mo. 15.]

"That such interlocutory judgments, made in the progress of a cause, are always under the control of the court until a final decision is reached, and may be modified at any time to meet the exigencies that may arise, is equally well settled. [*Bobb v. Graham*, supra.]"

It follows that the judgment was for the right parties and should be affirmed. It is so ordered. All concur.