**Avon STEWART, Pauline Stewart Riley, Jay T. Stewart, Jr., John T. Stewart, Billy Gene Stewart and Betty Jo Stewart Blankenship, Plaintiffs-Appellants,**

**v.**

**Nora STEWART, Raymond Stewart, Henry J. Stewart, Barbara Jean Stewart, Peggy Joyce Stewart, Doris Stewart, Pansy Stewart, Scottie Stewart, Pink Stewart, Larry Stewart, Harry Stewart, Trudy Stewart, Fred Stewart and Jonah Stewart, Defendants-Respondents.**

**No. 7364.**

Springfield Court of Appeals.

Missouri.

March 24, 1955.

Web A. Welker, Portageville, for plaintiffs-appellants.

Harry H. Bock, Harold D. Jones, New Madrid, for defendants-respondents.

STONE, Judge.

In this suit to partition two disconnected tracts of land in New Madrid County, Missouri, one containing 34 acres and the other containing 53⅓ acres, the six plaintiffs appeal from the final decree entered on August 28, 1953, which approved the commissioners' report and set off to plaintiffs, as tenants in common, the west one-third of the 53⅓ acre tract. The determinative issue is whether *each plaintiff* is entitled to a segregated allotment of his or her share *in severalty* or whether the *six plaintiffs* may be compelled to take a parcel of 17.77 acres (i. e., one-third of

53⅓ acres), *as tenants in common*. Both tracts were owned by John C. Stewart (hereinafter referred to as the common ancestor) who died intestate on November 29, 1951. It is conceded that the common ancestor had five sons, only two of whom survived him; that each of the six plaintiffs (children of Jay T., a deceased son of the common ancestor) has an undivided ⅟₃₀ interest in both tracts; that each of the first four named defendants, to-wit, Nora, Raymond, Henry J. and Barbara Jean (children of Henry, a deceased son of the common ancestor), has an undivided ⅟₂₀ interest in both tracts; that each of the next eight named defendants, to-wit, Peggy Joyce, Pansy, Doris, Scottie, Pink, Larry, Harry and Trudy (children of Ed, a deceased son of the common ancestor), has an undivided ⅟₄₀ interest in both tracts; and, that each of the last two named defendants, to-wit, Fred and Jonah (the two surviving sons of the common ancestor), has an undivided ⅕ interest in both tracts. Section 468.030. (All statutory references herein are to RSMo 1949, V.A.M.S.)

In their petition as originally filed, plaintiffs prayed "that partition of said lands may be made between the plaintiffs and defendants according to their respective interests therein; and if partition in kind cannot be made without great prejudice to the owners, that the same may be ordered sold and the proceeds divided among the said parties in proportion to their respective interests * * *." The answer filed by the four children of Henry Stewart, deceased, prayed "for the appointment of commissioners by the court so that the land may be divided in kind among all the owners." The answer filed by the eight children of Ed Stewart, deceased, prayed that their shares "be set off to them jointly as tenants in common in one parcel in kind." The answer of Fred and Jonah, the two surviving sons of the common ancestor, prayed that their shares likewise "be set off to them in one parcel jointly in kind." It was averred in each of the three answers that the lands described in plaintiffs' petition could be partitioned in kind without prejudice.

In the interlocutory decree entered on March 6, 1953, the trial court found "that each of the plaintiffs * * are (sic) entitled to a one-thirtieth (1⁄30) undivided interest in and to the real estate above described," determined the respective interests of the defendants as hereinbefore set forth, and appointed commissioners "to make partition as herein adjudged." In written instructions to the commissioners on March 27, 1953, it was stated, among other things, that "if in your opinion the lands can be divided in kind you shall allot the several portions or shares to the respective parties, quantity and quality relatively considered by you, and in this connection you are instructed that two or more shares may be set off in one lot or parcel." In their report filed on May 4, 1953, the commissioners "set off, allotted and assigned" (1) the 34 acre tract to defendants, Fred and Jonah, the two surviving sons of the common ancestor, (2) "an undivided one-half interest" in the east two-thirds of the 53⅓ acre tract to the four children of Henry Stewart, deceased, (3) "an undivided one-half interest" in the east two-thirds of the 53⅓ acre tract to the eight children of Ed Stewart, deceased, and (4) the west one-third of the 53⅓ acre tract to the six plaintiffs, who are the children of Jay T. Stewart, deceased.

On May 8, 1953, plaintiffs filed written objections to the commissioners' report on the grounds, among others, "that there is no division of property made among these plaintiffs as by law required" and "that if said report were approved * * *, these plaintiffs would still own undivided interests in real estate and the object of the partition suit would be thereby defeated." On June 9, 1953, the court heard testimony "both in support of and against said objections." On July 14, 1953, *"in open court and by leave of the court, plaintiffs' petition was amended by interlineation,"* and the cause was passed again until July 24, 1953, when further testimony was taken "in support of plaintiffs' objections." (All emphasis herein is ours.) There was no evidence at either hearing that plaintiffs

had agreed to take, as tenants in common, the parcel allotted to them by the commissioners. After further continuances, the court on August 28, 1953, overruled plaintiffs' objections and entered a final decree confirming the commissioners' report. In their timely motion for new trial, plaintiffs again complained that "neither the court or the commissioners have any authority to set off the interests of plaintiffs in one parcel when they ask that their interests be set off in severalty."

Where a partition suit is brought fairly within the statutes [Chapter 528] and is not prohibited by a valid agreement to the contrary, the right of a cotenant to partition is absolute [68 C.J.S., Partition, § 21, page 33; 40 Am.Jur., Partition, Section 83, p. 73; Thompson on Real Property (Perm.Ed.), Section 1981, p. 493; Tiffany on Real Property (2nd Ed.), Vol. 1, Section 204, p. 710] and "yields to no consideration of hardship or inconvenience" [Haeussler v. Missouri Iron Co., 110 Mo. 188, 19 S.W. 75, 77, 16 L.R.A. 220; Flournoy v. Kirkman, 270 Mo. 1, 192 S.W. 462, 463; Mastin v. Ireland, 320 Mo. 617, 8 S.W.2d 900, 902(6)]. And, it has long been recognized that "(t)he primary object in a partition suit is to separate common interests into distinct portions of the land to be held by the respective owners *in severalty*" [Martin v. Trail, 142 Mo. 85, 43 S.W. 655, 658; Stockwell v. Stockwell, 262 Mo. 671, 172 S.W.23, 26], or, as stated in different language, "so to put an end to the tenancy as to vest *in each of them* (the cotenants) title to, and the use *in severalty* of, some definite part of the property owned in common so that *each* may take and enjoy and improve his separate estate without let or hindrance from the other" [68 C.J.S., Partition, § 20, page 31]. See also 40 Am.Jur., Partition, Section 4, p. 5; Thompson on Real Property (Perm.Ed.), Vol. 4, Section 1979, p. 488; Ellis v. Cook, 205 Okl. 13, 234 P.2d 412, 414(2). It logically and necessarily follows that, upon timely request therefor in a partition suit properly brought and maintainable under

the statutes, each cotenant has the right to a segregated allotment of his share in severalty.[1]

As we read their brief, defendants do not take issue with any of the stated principles. But, their argument runs along the line that the court's instruction to the commissioners on March 27, 1953, "that two or more shares may be set off in one lot or parcel" was "agreed upon by all parties" and plaintiffs cannot complain because the commissioners followed that instruction; that, in the petition as originally filed, plaintiffs did not seek partition in severalty because they prayed partition *"between the plaintiffs and defendants* according to their respective interests therein"; and, that amendment of plaintiffs' petition on July 14, 1953, by interlineation (1) of the averment "that the land cannot be partitioned in kind without great prejudice" and (2) of the phrase "in severalty" in the prayer, so that thereafter the prayer was for partition "between the plaintiffs *in severalty* and defendants according to their respective interests therein," was improper because the insertions constituted "entirely new matter" and "a departure from the previous pleading."

Meticulous search reveals no *record* foundation for the assertion in defendants' brief that the court's instruction to the commissioners "that two or more shares may be set off in one lot or parcel" was "agreed upon by all parties." Obviously, we may not accept or consider statements in the briefs unsupported by the record [Pruitt v. St. Johns Levee & Drainage Dist., 341 Mo. 120, 106 S.W.2d 467, 471(5);

Heitzeberg v. Von Hoffmann Press, 340 Mo. 265, 100 S.W.2d 307, 310(6); Adelsberger v. Sheehy, 332 Mo. 954, 59 S.W.2d 644, 647(4)], which we must take as we find it [Bennett v. Wood, Mo., 239 S.W.2d 325, 327(2)]. Moreover, as was recognized specifically in the preliminary recitals of the commissioners' report, it was their duty to make partition "according to the respective rights and interests of the parties, *as the same were ascertained and determined by the court"*. Section 528.200; Strickler v. Means, 325 Mo. 1028, 30 S.W.2d 97, 99(3). In the interlocutory decree, the court did *not* "direct that any number of shares be set off together in one parcel, and that the residue be divided among the other parties" [Section 528.170], but the court's finding was "that each of the plaintiffs * * are (sic) entitled to a one-thirtieth (⅟₃₀) undivided interest in and to the real estate." Under these circumstances, the commissioners had no authority to set off a parcel to the six plaintiffs as tenants in common.

In our consideration of defendants' other contentions, we bear in mind that, since all pleadings and proceedings in a partition suit are governed by the rules applicable in ordinary civil actions [Section 528.090; Jones v. Cook, 354 Mo. 1130, 193 S.W.2d 494, 498; Flynn v. McNeely, Mo., 178 S.W. 69, 70], the pleadings in a partition suit may be amended as provided by Section 509.490.[2] Bock v. Whelan, Mo., 30 S.W.2d 607(2); Scoggin v. Goff, Mo.App., 137 S.W.2d 694, 697(3). In the instant case, plaintiffs' petition was amended *by leave of court* prior to entry

---

1. 68 C.J.S., Partition, § 157, page 262; Thompson on Real Property (Perm.Ed.), 1952 Supp. to Vol. 4, Section 1981, p. 83; Richardson v. Mitchell, 34 Tenn.App. 318, 237 S.W.2d 577, 582–583(1); Hilgers v. Fannin, Tex.Civ.App., 294 S.W. 341. See also Eddie v. Eddie, 138 Mo. 599, 39 S.W. 451, 452, where "defendants made no request to have their interests allotted to them in severalty" and the decree setting off defendants' shares jointly in one parcel was affirmed, but where, in disposing of defendants' complaint that their interests should have been allotted

in severalty, the court said that "(t)his would doubtless have been done, had a request been made" and that "(d)efendants undoubtedly had the right to ask partition among themselves".

2. Section 509.490 provides that: "A party may amend his pleading as a matter of course at any time before a responsive pleading is filed and served * * *. Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires."

of final judgment on August 28, 1953, and at a time when the interlocutory judgment of March 6, 1953, remained under control of the trial court and might have been modified or set aside.[3] It is unnecessary for us to consider whether, as defendants contend, the interlined amendments constituted "entirely new matter" and "a departure from the previous pleading," for the old rule against departure in pleadings has been abrogated by our new civil code and is no longer recognized or enforced. White v. Sievers, 359 Mo. 145, 221 S.W.2d 118, 121(3); Kearns v. Sparks, Mo.App., 260 S.W.2d 353, 357(1); O'Neal v. Mavrakos Candy Co., Mo.App., 255 S.W.2d 138, 142(5). Amendments are now unlimited in scope and, in the absence of prejudice to other parties or harmful consequences of delay, courts should be extremely liberal in permitting them. Section 509.490; White v. Sievers, supra, 221 S.W.2d loc. cit. 122 (4, 6); Stone v. Kies, Mo.App., 227 S.W. 2d 85, 87(1). And, whether amendment of a pleading should be permitted is primarily within the sound judicial discretion of the trial judge, whose action will not be disturbed where, as here, there is no showing that such discretion has been palpably and obviously abused. Hughes v. St. Louis Public Service Co., Mo.App., 251 S.W.2d 360, 363(5); Runnion v. Paquet, Mo.App., 233 S.W.2d 803, 808(3); Brinkmann Realty Co. v. Deidesheimer, Mo.App., 201 S.W.2d 503, 507(3). Furthermore, *defendants* are in no position here to complain about amendment of plaintiffs' petition, for there was no objection to amendment in the trial court, no such alleged error was presented in a motion for new trial [Section 512.160(1); Supreme Court Rule 3.23; Alexander v. Glasgow, Mo.Sup., 275 S.W.2d 339], and, this appeal being by *plaintiffs,* only errors assigned and preserved by them are for appellate review [Schee v. Schee, 319 Mo. 542, 4 S.W.2d 760, 761(1)].

We need not discuss the language of plaintiffs' petition as originally filed, for there can be no doubt but that, after amendment by leave of court on July 14, 1953, the petition reflected a definite, specific and unambiguous prayer for allotment of plaintiffs' shares *in severalty.* In the face of such request, subsequent entry of a final judgment compelling the six plaintiffs to take a parcel of 17.77 acres, as tenants in common, was unauthorized and erroneous, for each plaintiff was entitled to a segregated allotment of his or her share in severalty.[4] Since the case must be reversed and remanded for this fundamental reason, it here becomes unimportant whether, as defendants contend, the averment in plaintiffs' amended petition "that the land cannot be partitioned in kind without great prejudice" is a statement of a legal conclusion and not of an ultimate fact. For, if counsel perceive any need therefor, the petition may be amended further to meet this objection.

It is the judgment of this court that both the interlocutory judgment entered by the circuit court on March 6, 1953, and the final judgment thereafter entered on August 28, 1953, be set aside, so that, if the pleadings upon remand should present an appropriate case therefor, the court may determine under Section 528.550, without the appointment of new commissioners, the issue as to whether the real estate may

---

3. Lee's Summit Building & Loan Ass'n v. Cross, 345 Mo. 501, 134 S.W.2d 19, 23; Colin v. Moldenhauer, 338 Mo. 827, 92 S.W.2d 601, 602–603(3); Fogle v. Pindell, 248 Mo. 65, 154 S.W. 81, 83(2); Aull v. Day, 133 Mo. 337, 34 S.W. 578, 580(2). See also Parkinson v. Caplinger, 65 Mo. 290, 293(2, 3), where, upon application of one Allen who was not originally a party to a partition suit but subsequently asserted an interest in the real estate (Section 528.080), an interlocutory judgment was set aside and Allen was permitted to intervene and answer.

4. See cases cited in footnote 1, supra. Compare Fogle v. Pindell, supra, 154 S. W. loc. cit. 83(3), where it was said that, the trial court having reopened an inquiry and invited the presentation of further evidence, it had a duty to act "so as not to leave the matter in controversy in such a condition that its final administration would be wholly inconsistent with equity and good conscience."

be partitioned in kind without great prejudice; and, the cause is reversed and remanded to the circuit court for further proceedings not inconsistent herewith.

McDOWELL, P. J., and RUARK, J., concur.